CROFT PILGRIM

v.

THOMAS MELLOR.

VENUE IN LOCAL ACTIONS—WHEN PLAINTIFF MAY ELECT TO SUE IN EITHER COUNTY.—Where an injury has been caused by an act done in one county to land situated in another, the venue may be laid in either, and a justice of the peace of the county where the parties reside may take jurisdiction of an action for damages to real property, although the injury occurred in an adjoining county.

APPEAL from the Circuit Court of Stark county; the Hon. JOSEPH W. COCHRANE, Judge, presiding.

Mr. MILES A. FULLER, for appellant ; argued that where an act in one county occasions damage to land in another county, an action for such injury may be brought in either county, and cited 1 Chitty's Pl. 269; Gould's Pl. Chap. 3, § 108; Bulwer's case, 7 Coke. 60; Bac. Ab. Actions A. 81; Mayor, etc. v. Cole, 7 T. R. 584; Comyn's Dig. Actions N. 3; Borden v. Crocker, 10 Pick. 383; 2 Taunt. 252; 2 T. Rep. 241; 14 English Rep. (Moak's) 641, note; Com. v. Lyons, Pa. Law Jour. 167; 2 Whar. Crim. Law, § 1812; Story on Conflict of Laws, § 539; Eachus v. Trustees, etc. 17 Ill. 535.

That the distinction between local and transitory actions has been abolished : Rev. Stat. 1874 775; Genin v. Grier, 10 Ohio 209.

Mr. C. K. LADD, for appellee ; that the action is local and must be brought in the county where the estate lies, and that the justice had no jurisdiction: cited Rev. Stat. 1874, 269 ; Cor. of New York v. Dawson, 2 John. Cas. 335; Stevenson v. Lombard, 2 East, 579 ; Barker v. Damer, 3 Mod. 338 ; Wey v. Yally, 6 Mod. 194 ; Bord v. Cudmore, Cro. Car. 183 ; 1 Chitty's Pl. 271 ; Selwyn's Nisi Prius, 1,253 ; Stephen's Nisi Prius, 2,639 ; Watt's, Adm'r, v. Kinney, 23 Wend. 485; Eachus v. Trustees, etc., 17 Ill. 535; Mott v. Coddington, 1 Robt. 267; Watts, Adm'r, v. Kinney, 6 Hill, 82; The Company. etc., v. Douglas, 2 East, 502; Daulson v. Matthews et al. 4 T. 503; Thompson v. Crocker, 9 Pick. 59; Worster v. Winnepiseogee Lake Co. 5 Foster, 525; Livingston v. Jefferson, Brock. 203.

Mr. B. F. THOMPSON, for appellee; that a justice's jurisdiction is prescribed by the statute, cited Rev. Stat. 1874, 639.

That the action is local and the venue must be laid in the county where the injury arose; 1 Chitty's Pl. 268; Stephen on Pl. 274; Gould's Pl. 105; 2 Bouv. Law. Dic. 79; 2 Kent's Com. 602; Story's Conflict of Laws, § 554; 2 Bouv. Law Dic.

29

634; 2 Waterman on Trespass, 446; Mersey, etc., Nav. Co. v. Douglass, 2 East, 497; Harmer v. Raymond, 5 Taunt. 789; 1 Hilliard on Torts, 659; Loeb v. Mathias, 37 Ind. 306; Thompson v. Crocker et al. 9 Pick. 59; Worster v. Winnepiseogee Lake Co., 5 Foster, 525; Eachus v. Trustees, etc., 17 Ill. 535; Tyler, on Eject. 382; Minkhart, etc., v. Hankler, 19 Ill. 47; Reed v. P. & O. R. R. Co., 18 Ill. 403; Sturman v. Colon, 48 Ill. 463; Livingston v. Jefferson, 1 Brock. 203; Whitaker v. Forbes, 15 Eng. R. 234.

Sibley, J.   The only question to be determined in this case is whether the justice of the peace in Stark county had any authority to try the cause.   Suit having been commenced before a justice in that county by Croft Pilgrim against Thomas Mellor, where both parties resided, to recover for an injury done by the defendant in erecting a dam upon his own premises, situated in the county of Stark, that so obstructed the natural flow of the water as to produce an injury to the adjoining land of the plaintiff, lying in Bureau county.   The cause was removed to the Circuit Court of Stark county and there dismissed for want of jurisdiction in the justice to try the case.

An appeal was taken from that ruling to this Court, and is here assigned for error.

That the action is local in its nature, and as a general rule in such cases, suit must be brought in the county where the land is situated, are propositions which admit of very little dispute.

But it is insisted by appellant that cases like the present one form an exception to the general rule.   That is, where an act is done in one county which produces an injurious effect in another, the remedy may be enforced in either.   We have been referred to a number of authorities in support of that position, not many of them though are directly in point.   The books indeed are quite barren of decided cases upon the precise question. It is true that most of the elementary writers concur in stating the law as settled in favor of the position assumed by appellant. 1 Chitty Pl. 269; 3 Black. Com. 294 and note ; 4 Comyn's

Dig., Art. N. 11,167; Com. Dig. 250–251; Gould's Pl. 108.

This doctrine originated chiefly from the decision in Bulwer's case, 7 Coke, 63, although reference is there made to the ruling in the year books in the Abbot of Stratsford's case, where a similar question arose. The principle, however, in the former case is stated in broad and general terms that, " in all cases where the action is founded upon two things, done in several counties, and both are material or traversable, and the one without the other doth not maintain the action, then the plaintiff may choose to bring his action in which of the counties he will."

This view of the law was sanctioned in the Mayor of London v. Cole, 7 Term. R. 583, where Lawrence, Judge, says, that " the rule in Bulwer's case gives a decisive answer to the application ; it shows that where several material facts arise in different counties, the plaintiff may bring his action in either."

In Oliphant v. Smith, 3 Penn. 180, it is said " that every action founded upon a local cause shall be brought in the county where the cause of action arises. * * * The only exception to this rule is the erection of a nuisance in one county to the injury of lands in another. There the action may be brought in either," and reference is made to Bac. Ab. 56, 57 and 58; Com. Dig. 250–251. So in Bordon v. Crocker, 10 Pick 383, the rule in Bulwer's case is indorsed in the following emphatic language by the court :

" The plaintiff may unquestionably maintain his action in either county, in Bristol where the obstruction was raised, as well as in Plymouth where the injury was sustained. The law to be collected from Bulwer's case is decisive upon this point. Where one matter in one county is depending upon the matter in another county, the plaintiff may choose in which county he will bring his action."

Angell on Watercourses, 420, states the law to be, " where an injury has been caused, by an act done in one county, to land, etc., situate in another, the venue may be laid in either. The law to be collected from Bulwer's case is decisive upon this point. When one matter in one county is depending upon the

matter in another county, the plaintiff may choose in which county he shall bring his action."

·A single case has been referred to, and, doubtless, the only one that can be found by appellee, where the point has been expressly decided against the ruling in Bulwer's case.

In Warren v. Webb, 1 Taunt. 279, referred to, a nuisance had been created in the county of Surrey, by the defendants permitting the water from his eaves-trough to escape through the plaintiff's wall, in that county, and suit was brought in Middlesex, where Lord Mansfield held it could not be maintained; also in Murray and Irwell Nav'n Co. v. Douglas, 2 East, 502; nothing was there decided except that the particular place in the county need not be correctly averred in the declaration; no reference was made to this exception to the rule in local actions.   Nor is the case of Thompson v. Crocker, 9 Pick. 59, to the point, for, in that case, the action was commenced in the county of Plymouth, where the injury was sustained, and it was held that the suit was properly brought. What was said about that being the only place to bring the action, was mere *dictum*, and afterwards overruled in Borden v. Crocker.

The case of Eachus v. Trustees of Ill. and Mich. Canal, 17 Ill. 534; and many other cases of that character were decided upon quite a different principle.    There the land injured, was situated in a foreign jurisdiction, and for that reason alone, the courts refused to entertain the action.  Angell, in his treatise on Watercourses, § 421, remarks that it is hardly necessary to point out the difference there is, as regards actions and suits between the relation of *Counties* in the same State, and the relation between two distinct and independent States.

The case alluded to where the exception to the rule in local actions of a character like one before us was repudiated, is that of Worster v. Winnepisoegee Lake Co. 5 Foster, 526. There it was held that the action could be maintained, only in the county where the land was situated that sustained the injury.  The authorities are reviewed in a very able opinion, delivered by Chief Justice Gilchrest, and the conclusion arrived at was that the rule established in Bulwer's case and

subsequently recognized and adopted by the Courts and elementary writers, was "founded upon reasons which had long since ceased to exist," and therefore, should be abrogated. We are unable to subscribe to the conclusion, or the reasons assigned for it.

Even if the reasons that led to the adoption of this rule have ceased to exist, it does not necessarily follow that the rule itself should be annulled. As, for instance, the reasons for selecting a jury to try a cause from the vicinage where the controversy arose, has long since ceased to exist, but the practice of taking them from the body of the county where the crime was committed, or the suit is being tried, has continued as a wise one from the time of the year books until the present day, without any very general desire to change it. Besides, in what respect has the reason ceased to exist which led to the establishment of this rule, since it was adopted? By a legal fiction, the Court, in ancient times, permitted a party to bring suit in what was termed transitory actions, in any county within the realm where the defendant could be found, by stating in the declaration where the cause of action arose, and adding under a *videlicit*, the county where the suit was brought.

This was done for the purpose of facilitating the administration of justice; and was the reason any less forcible, or has it ceased to exist, for allowing a party to elect in cases like the present one, to sue the defendant in either county where he might be found ? or, as in the case we are considering, be deprived of any remedy at all, except in some Superior Court that has the power to send its process out of the county?

If a man is required to answer for his own wrongful act, is there any good reason why he should not be made to respond in the county where he committed the deed which produced the result, as well as where the injury was sustained? It is no answer to say that the defendant had a perfect right to construct the dam on his own ground, and therefore he committed no wrongful act, in the county of Stark for which a suit would lie against him.

If every person is free to use his own property as he may desire, he cannot do so in such a way as to encroach upon the

rights of his neighbor. Hence, the appellee in constructing this dam upon his own land, knowing at the same time that in the ordinary course of things, it must cause the injurious flooding of appellant's premises, he was doing an act which he had no right to perform. For in that case he was making use of his land in such a manner as to interfere with the rights of adjoining proprietors.

Being unable to discover any valid reason why he should not be made to answer for that wrongful use, in the county where the act was committed, the judgment of the Circuit Court will be reversed and the cause remanded.

Judgment reversed.

PILLSBURY J. dissenting. A Justice of the Peace derives his jurisdiction from the statute alone, and the statute has not conferred upon him the jurisdiction in actions for damages to real estate located in a county different from his territorial jurisdiction.

The opinion admits that the action is local and the injury occurred in Bureau county. That being so, the justice cannot look to the common law to aid his jurisdiction but is concluded by the statute.