CASE 63.—PROSECUTION OF C. D. BALL AND PATTEN BALL
          FOR MURDER.—October 2.

# Commonwealth v. Ball, etc.

Appeal from Bell Circuit Court.

M. J. Moss, Circuit Judge.

From a judgment of acquittal on peremptory instruction the Commonwealth appeals—Opinion certified.

1. Criminal Law—Jurisdiction of Offense—Locality of Offense.— Where deceased was shot in one state, and died in another, the crime was committed in the state where the shooting occurred, and the courts of that state have jurisdiction.

2. Same—Former Jeopardy—Acquittal—Direct Verdict.—Under Constitution section 13, providing that no person shall be twice put in jeopardy of life or limb for the same offense, even if a mistrial in a criminal case caused by defendant could not be relied on as former jeopardy, an actual acquittal, though upon improper ground raised by defense, is a former jeopardy and a bar to further prosecution.

N. B. HAYS, Attorney General, and C. H. MORRIS, for appellant.

1. The appellee's discharge is a fraud on the commonwealth and does not constitute a bar to further prosecution. It is the contention of the state that the facts show that the verdict was and is a fraud. After the state had shown the corpus delicti, and had called Mitchell Teasley to the witness stand, the defendants asked that the jury be withdrawn for the purpose of their making a motion. This motion having been sustained, the defendants moved that the court discharge them, because it had no jurisdiction of the murder, as it was shown by the evidence that the wounds were inflicted in Kentucky, and Cotrell died in Tennessee. The commonwealth objected and asked that it be permitted to show by competent proof that the defendants shot the deceased in Middlesboro, Bell County, Kentucky, and avowed it then had witnesses present by whom it could prove the same. The court

Commonwealth v. Ball, etc.

refused to permit the commonwealth's attorney to proceed, and peremptorily instructed the jury to find the defendants not guilty. It is the contention of the state that this is a corrupt verdict and a fraud on the state. And were it not, that the commonwealth was a party and was prosecuting the charge it would be absolutely void; but inasmuch as the commonwealth was a party the verdict is voidable and may be set aside in a direct attack as the appeal herein, and the case ordered reinstated on the docket of the trial court for further proceedings, and said verdict will not be good as a plea in bar.

2. The discharge of the defendant was not the verdict of the jury, such as constituted a deliverance of the defendants within the legal meaning of the constitutional provision. It was the order of the court made by the court after it had held that it had no jurisdiction of the offense, and said verdict is without any legal effect whatever and is void, or at least voidable. It is not so much as a defective verdict—which will not operate as a bar—but it is not the verdict of the jury charged with the deliverance of the defendant in any legal sense whatever. This contention is upheld by the following authorities: State v. Oliver, 30 La. Ann., 470; People v. Travers, 77 Cal., 176; Lawrence v. People, 2 Ill. (1 Seam), 414; ex parte Brown, Ala., 15 S. R. 602).

3. Thus far we have dealt with the question of the plea of former jeopardy in cases where a jury or a juror were discharged and another jury or juror substituted, with the consent of the accused. We contend that where there is objection by the defendant to the jurisdiction, the plea of former jeopardy will not stand. Duffy v. Britton, 48 N. J. L., 371; State v. Spayde, 110 Iowa, 726; Marshall v. Commonwealth, 20 Grat. Vt., 845.

RHORER, AINSWORTH & DAWSON, counsel for appellees.

Murder, in this state, is a common law offense, with the penalty fixed by statute. Our statutory law is silent as to what constitutes murder, and only fixes the penalty therefor. So we are compelled to look to the common law to determine the necessary ingredients of the crime.

2. Having determined that murder is a common law offense, it naturally follows that the common law is the source of jurisdiction in murder cases, except to the extent same has been modified by statute, if it has been modified.

3. It stands an undisputed proposition, we presume, that the common law of England, together with all facts of Parliament of a general nature, and not local to the British Islands, enacted prior to March 24th, 1607, constitute the common law of this state,

and are still in force in this state, except when modified or re-pealed by statute.

4. It is very doubtful if this state, or any state, could pass a law to the effect that a person striking a mortal blow in one state, the death resulting in another, could be convicted of murder in the state where the death occurs, when the offenders agency ceases with the giving of the blow, but there is no doubt what-ever, that our legislature has authority to define what shall be punished as murder, and a law to the effect that the giving of a mortal blow in this state, shall be punishable as murder, regard-less of the place of death, would be unquestionably a valid exer-cise of the legislative authority to define and punish crime, but until such a statute is enacted, it is submitted that the courts of this state have no authority to indict one for murder, a common law offense, where all the elements necessary to constitute the offense are not present within the limits of this state.

5. We presume it will not be argued by the commonwealth, that in event the lower court is reversed in this case, the court should hold that the appellees have not been in jeopardy. The defend-ants announced ready, the jury was sworn, and the case actually gone into, one witness having testified before the peremptory instruction was given, so that even if the court should hold that the lower court was in error, we think there can be no question as to the fact that appellees have once been in jeopardy, and should not be compelled against to face trial on the indictment in this case.

OPINION OF THE COURT BY JUDGE HOBSON—Certified.

The appellees were indicted by the grand jury of Bell county for the crime of murder in killing Meade Cottrell. They were placed on trial. The Common-wealth introduced evidence showing that the deceased was killed by the defendants in Bell county by shoot-ing him with a pistol. The shooting and wounding occurred in the State of Kentucky. After Cottrell was wounded, he was put upon an engine and carried across the State line to his father's, in Tennessee, where he died a few hours afterwards. When these facts were shown, on motion of the defendants, the court instructed the jury peremptorily to find the

defendants not guilty, which was done, and, judgment having been entered upon the verdict, the Commonwealth appeals.

The first question to be determined is whether the Bell circuit court had jurisdiction where the mortal wound was given in Kentucky and the person shot was carried into Tennessee and died there. In Roberson on Criminal Law, section 214, the rule is thus stated: "At common law, the state in which the mortal wound was given has jurisdiction in cases of homicide, so that, if a mortal wound be given in this State, and death ensues in another, the courts of this State have jurisdiction to try the offender; the going of the injured party into another state being his own voluntary act, and not the act of the defendant." In 1 Bishop on Criminal Law, section 113, the rule is thus stated: "The reader perceives that, according to these cases, the crime in felonious homicide consists in inflicting the blow, while the act of dying, which is performed by the injured person, does not constitute any part of it, or at least such a part as to lay the foundation for a jurisdiction over the offense. This accords with what was before held in England, that a homicide is committed in a county if the blow is inflicted in it, though the death takes place elsewhere." These are accurate statements of the law. We therefore conclude that the court erred in instructing the jury peremptorily to find the defendants not guilty.

It is insisted for the State that the judgment of the circuit court be reversed, and the case remanded for a new trial. By section 13, of the Constitution, no person shall for the same offense be twice put in jeopardy of his life or limb. Under this provision, it is held that a person is in legal jeopardy when he

is duly put upon trial, and that the trial begins with the swearing of the jury. In the case at bar, the defendants were regularly indicted, the jury were regularly impaneled and sworn, and under the instructions of the court, after the evidence was heard, returned a verdict finding the defendants not guilty. They were undoubtedly put in jeopardy when they were thus placed upon trial, and if they may be tried again they will be put twice in jeopardy for the same offense. We are referred to a number of authorities holding that, if there is a mistrial which is brought about by the act of the defendant, he cannot rely upon the plea of former jeopardy. Thus, if the defendant asks that the jury be discharged, or if he consents thereto, he can no more complain of this than he could of the discharge of the jury if he had with a deadly weapon dispersed them and thus broken up the trial. But there is a manifest distinction between a mistrial and a trial where the jury have found the defendant not guilty. All the cases to which we have been referred by the Attorney General were cases of mistrial brought about by acts of the defendant or by his consent. If the defendant may be tried again when he has been acquitted upon a peremptory instruction asked by him, the same rule should be applied when the instruction, though not in form peremptory, is equivalent to a peremptory instruction, or where the rulings of the court in the admission or rejecting of evidence are equivalent to a peremptory instruction. It is incumbent upon the court to give the jury the whole law of the case, and if the defendant had remained quiescent it would have been the duty of the court to decide the question which was raised by him and instructed the jury upon it. The Constitution guarantees the defendant

counsel in the management of his case.  The right to the assistance of counsel would be a vain thing if the counsel might not raise such questions as they deemed proper.  The guaranty that a person shall not be put twice in jeopardy would amount to but little if he could be tried a second time wherever his acquittal was due to an error of the court committed upon his motion.  It is immaterial that the circuit judge gave the peremptory instruction on the ground that the court was without jurisdiction.  We cannot go into the reasons which actuated him.  The fact is that under the instructions of the court the jury have regularly found the defendants not guilty, and they cannot be further prosecuted.  This is ordered to be certified.

The CHIEF JUSTICE dissents from so much of this opinion as holds that the defendant has been once in jeopardy by the mistrial which resulted from his own unauthorized motion.