CASE 16.—ACTION BY GEORGE W. SMITH AGAINST THE
      SOUTHERN RAILWAY COMPANY AND ANOTH-
      ER.—December 17, 1909.

## Smith v. Southern Railway Company, &c.

Appeal from Whitley Circuit Court.

M. J. Moss, Circuit Judge.

From a judgment of dismissal plaintiff appeals.—
Reversed.

1. Venue—Actions Relating to Real Property—Statutes.—Civ.
   Code Prac. Sec. 62, Subsec. 4, providing that actions for in-
   jury to real property must be brought in the county in which
   the subject of the action is situated, applies only to actions
   that arise or may be brought in the state, but the rule must
   not be arbitrarily enforced where the injury results from a
   cause arising in a county or state other than the one in
   which the property is situated.

2. Pleading (Sec. 214)—Demurrer—Effect.—The court, for the
   purpose of determining the question of jurisdiction, must
   accept as true the averments of the petition demurred to.

3. Courts—Jurisdiction—Injury to Real Property.—An action
   for the destruction of real property situated in one state,
   caused by the negligent explosion of dynamite in another
   state, may be brought at the option of the owner in the county
   and state where the land lies, or in the county and state in
   which the negligence was committed, because the injury and
   wrongful act must be deemed as having occurred together
   or in immediate connection and in the same jurisdiction or
   in either of the two jurisdictions.

FAULKNER & SHARP for appellant.

HUMPHREY & HUMPHREY for appellee.

Opinion of the Court by Judge Settle—Revers-
ing.

In this action, instituted in the Whitley circuit court, the appellant, George W. Smith, sought to re cover of the appellees Southern Railway Company and Louisville & Nashville Railroad Company $1,000 damages for the destruction by an explosion of dyna mite or nitroglycerine of a house of which he was the owner; it being charged in the petition that the destruction of the house was caused by the negli gence of appellees, their agents and servants, in leav ing for 12 hours on a track of their depot yard and near appellant's house in the city of Jellico, unguard ed, and without notice to him or the public of its con tents, a car loaded with the explosives mentioned, which were made to explode by the further negli gence of appellee's agents and servants in running against the car containing such explosives, engines, tenders or cars belonging to appellees.

The petition contains, in substance, the further averments that appellees' lines of railroad respec tively run through Kentucky and Tennessee, and through Whitley county, in the state first named, to the city of Jellico, which is situated in both states and divided by an invisible line separating them; that the depot yard in Jellico is partly in Kentucky and partly in Tennessee, and contains many railroad tracks and switches, some of which lie in Kentucky and some in Tennessee; that the depot yard as well as the tracks and switches in the yard are jointly owned, occupied, and used by appellees, Southern Railway Company and Louisville & Nashville Rail road Company; that the car containing the dynamite, or nitroglycerine was at the time of the explosion of its contents standing on a track of appellees' depot yard that was situated in Whitley county, Ky., and that appellant's house destroyed by the explosion

was situated in Tennessee, but a few yards from the place of explosion. Although summons was issued against each of the appellees, only the appellee Southern Railway Company seems to have been served, and, as to it, service was had through its station agent residing nearest the county seat of Whitley county. Demurrers were interposed by appellees to the jurisdiction of the Whitley circuit court, which were sustained and the action dismissed, and from the judgment manifesting that ruling of the court this appeal is prosecuted.

In refusing to take jurisdiction of the case, the circuit court seems to have acted upon the theory that the action is one for an injury to real property, and, therefore, it should have been brought in the state and county where the property is situated as provided by section 62, subsec. 4, Civ. Code Prac. The Code of this state can not regulate the venue of actions that may be brought in Tennessee. Its provisions apply to actions that arise or may be brought in this state; so the question whether appellant has a cause of action in Tennessee for the destruction of his house and in what county thereof it should be brought, would have to be determined by the laws of that state, or by the common law. The question here presented for decision, however, is not whether appellant has a remedy under the laws of Tennessee, but whether he may maintain an action in this state for the alleged destruction of his house, and, if so, where. Accepting as true the averments of the petition, and this we must do upon demurrer, even for the purpose of determining the question of jurisdiction, that the negligence which caused the explosion and the explosion itself occurred in Kentucky, instantaneously, resulting in the destruction of appel-

lant's house situated a few yards distant in Tennes-
see, the question presented is one upon which this
court has never passed, though it has been considered
by the courts of other states, and by the Supreme
Court of the United States, whose decision of it
leads us to the conclusion that the Whitley circuit
court has jurisdiction of appellant's action.

It has long been a familiar rule of the criminal law,
and is now a part of the statute law of this state,
that when an offense grows out of an act or acts be-
gun in one county or state, and completed in another,
such offense shall be deemed to have been committed
in either county or state, and may be dealt with in a
court of competent jurisdiction in either in the same
manner as if actually and wholly committed therein.
Thus, if a person wrongfully intending to kill another
stand in one county or state, and with a gun shoot
and wound or kill his victim while the latter is in an
adjoining county or state, the wrongdoer can be tried
and punished for the crime in either jurisdiction.
Ky. St. Sec. 1147; Crim. Code Prac. Sec. 24; Com-
monwealth, etc. v Jones, Judge, 118 Ky. 889, 82 S.
W. 643, 26 Ky. Law Rep. 867, Commonwealth v. Ball,
etc., 126 Ky. 542, 104 S. W. 325, 31 Ky. Law Rep. 325.
The rule stated has, as we shall presently see, been
applied to injuries to real estate sustained in one
jurisdiction from an act committed in another juris-
diction. While at the common law and by section 62,
subsec. 4, Ky. Civ. Code Prac., an action for injury
to real property is made local, and must, therefore,
as a general rule be brought in the county in which
the land is situated, this rule is not to be arbitrarily
enforced where the injury to the real estate results
from a cause or act arising or occurring in a county
or state other than the one in which it is situated,

for in such a state of case the law seems to allow the owner of the real estate the right to elect whether he will sue in the county or state where the land lies, or in that in which the act causing the injury was committed.

This right of election seems to have first been recognized in England, in Bulwer's Case, mentioned in 7 Coke, 1, wherein it was said in applying it to a state of case in which the injury was sustained in one county from a cause arising in another: "He (the plaintiff) may unquestionably maintain his action in either county, in Bristol, where the obstruction was raised, as well as in Plymouth, where the injury was sustained. * * * Where one matter in one county is depending upon the matter in another county, the plaintiff may choose in which county it will bring the action." In Barden v. Crocker, 10 Pick. (Mass.) 383, Ruckman v. Green, 9 Hun. (N. Y.) 225, Supreme Court, and Pilgrim v. Mellor, 1 Ill. App. 448, the doctrine announced in Bulwer's Case was elaborately discussed and fully approved. The question was again before the Illinois Court of Appeals for consideration in the case of Ohio, etc., R. R. Company v. Combs, 43 Ill. App. 119, in the opinion of which it is said: "The objection that the suit can not be maintained in St. Clair county, the land alleged to be injured lying in Madison county, is not sustained, as, when an injury has been caused by an act in one county to land situated in another, the venue may be laid in either. * * * And the obstruction complained of in this case is in St. Clair county."

The conclusion thus expressed in the opinion, supra, is supported by the following citation of authorities: Gould on Pleading (5th Ed.) c. 3, Sec.

108; Chitty, Pleading (16th Ed.) 281; Pilgrim v. Mellor, 1 Ill. App. 448. It is true that in each of the cases thus far cited the question of jurisdiction arose as to an injury sustained to realty in one county from an act committed or cause originating in an adjoining county of the same state, but no sound reason can be urged against the application of the doctrine in question where, as in the instant case, the injury was inflicted in one state from an act or cause occurring in an adjoining state. Indeed, abundant authority for such application of the doctrine may, as already intimated, be found in the decisions of the courts of other states, some of which it may be instructive to notice.

In Thayer v. Brooks, 17 Ohio, 489, 49 Am. Dec. 474, the plaintiff sued in Ohio to recover damages for a nuisance resulting in the diversion of the water from his mill. The mill was situated in Ohio, but was operated by a stream having its source in part on the land of the defendant situated in Pennsylvania. By ditching his land, the latter so diminished the supply of water at the plaintiff's mill as to materially interfere with its operation and injure the property. In passing upon the question whether the action could be maintained in Ohio, the court said: "The error first assigned presents for our consideration the question whether case for nuisance can be maintained in this state, the property injured lying wholly within the jurisdiction of this state, but where the acts causing the injury complained of were done wholly without the jurisdiction and in another state. The actions of trespass and trespass on the case for injuries to land are local, and in all cases where the act done and the injury sustained are wholly in a

foreign jurisdiction the place of the injury is the place of the trial.

"This rule is universally recognized as a rule of the common law. Watts v. Kinney, 23 Wend. (N. Y.) 484; Doulson v. Mathews, 4 T. R. 503. It was sustained by Chief Justice Marshall, after a full examination, in Livingston v. Jefferson, 1 Brock. 203, Fed. Cas. No. 8,411. The action in that case was for trespass upon lands in New Orleans, and was brought in Virginia. It was dismissed for want of jurisdiction. Judge Story affirms the doctrine in his Conflict of Laws, sec. 554: 'Real actions must be brought in the forum rei sitae.' * * * The position has been presented by plaintiff's counsel as conclusive of the case upon the first assignment of error. We have not so considered the law. The act was done in Pennsylvania. The injury which was occasioned by that act was sustained in Ohio. In such a case it is believed the suit would well lie in either state. 'When an injury has been caused by an act done in the county to land, etc., situated in another, the venue may be laid in either.' Chit. Pl., 299, and cases referred to." In Rundle v. Delaware and Raratan Canal, 1 Wall. Jr. 275, Fed. Cas. No. 12,139, the other side of the rule declared to be the law in Thayer v. Brooks, supra, and by Chitty, viz.: That the action may also be brought where the wrongful act is done was approved in an able opinion by Justice Grier of the Supreme Court, presiding at the time in the Circuit Court of the United States for the state of New·Jersey. It was here held that a person residing in Pennsylvania and owning mill property in that state might maintain an action in the Circuit Court of the United States in New Jersey for injuries to his mill property caused by the wrongful

act of the canal company committed in the latter state in drawing with its canal water from the river by which the mill was operated. In declaring the right of the plaintiff to sue either in Pennsylvania, where the property injured was situated, or in New Jersey where the act causing the injury was committed, the court said:

"It has been objected to the application of the doctrine to the present case that it refers to counties which adjoin, and not to sovereign states. This is a distinction, it is true, between the cases cited and the present case, but we have heard no reason given why it should make a difference. An action may be maintained in a court of New Jersey by a Pennsylvanian to recover a debt or damage for a personal injury; and why not for the injury to real property? The question must be because the action is local, and not transitory. The difficulty is caused, not by any principle of international law, but of common law which is the same in both states. By the common law, then, it must be solved. The objection is founded not on the plaintiff's right to the remedy, but on the mode of the trial; and it is, after all, but an objection to the venire. But I have shown the venire as well laid in New Jersey (which as regards the court forms one county) because the nuisance complained of was created in that state. If, then, the action be local, and this is the proper venue, what is the value of the distinction? The plea to the jurisdiction must be overruled." It may be remarked that this case went to the Supreme Court, and the judgment as to the question of jurisdiction was affirmed. 14 How. 80, 14 L. Ed. 335.

The Supreme Courts of Tennessee and Texas have passed upon the question under consideration with a

like result.  In the case of Ducktown Sulphur, Cop-
per & Iron Company v. Barnes, etc. (Tenn.) 60 S. W.
593, residents of Georgia brought suits in Tennessee
to recover damages for injuries sustained to their
lands and timber situated in Georgia from the gases
and fumes emanating from the copper works of the
defendant situated in Tennessee.  The defendant by
a bill in equity filed in Tennessee sought to enjoin
the court of that state from proceeding with the trial
of the actions for damages upon the ground that the
court was without jurisdiction as the injuries com-
plained of were inflicted in Georgia.  But the Su-
preme Court of Tennessee rejected the contention,
and sustained the jurisdiction of the court of that
state.  In the Texas case (Armendiaz v. Stillman, 54
Tex. 623) the plaintiff, a citizen of Texas, sued in the
county in Texas where the act was committed for in-
juries caused by placing an obstruction in the bed of
the Rio Grande, whereby the current of the river
was thrown upon plaintiff's land, situated upon the
Mexican side of the river, resulting in its washing
away and destruction.  Upon the state of facts thus
presented the Supreme Court declared that "in such
a case, even by the technical rule of the common law,
the action may be maintained either in the jurisdic-
tion where the act was committed or in that in which
the injury was sustained;" citing and quoting with
approval Thayer v. Brooks and Rundle v. Dela-
ware & Raratan Canal, supra.  It is, however, proper
to add that the court further held that the action in-
dependently of common-law rules was properly
brought where the defendant resided, which was
where the act complained of was committed.  Other
cases sustaining this doctrine may be found in 22
Cyc., beginning with page 780.

While the authorities do not all suggest the same reason for the well-recognized rule of the common law referred to, the true reason we think lies sufficiently near the surface to be readily seen and understood.  It is that the injury and wrongful act are to be regarded as having occurred together or in immediate connection and in the same jurisdiction, or either of two jurisdictions.  Consequently the venue may be laid in either jurisdiction.  Applying the rule in question and the reason for its adoption to the facts of the case in hand and accepting as conclusive the averments of the petition that the explosion of the dynamite in appellee's car, as well as the alleged negligent acts of their servants causing it, ocurred in Kentucky, and that the force of the explosion was equally effective in Tennessee, and as instantly destructive of appellant's house standing in the latter state, as of other contiguous buildings and property situated in Kentucky, the entire happening, though beginning in Kentucky with the alleged acts of negligence on the part of appellees' servants causing the explosion, and ending with the destruction, in Tennessee, of appellant's house, was but one transaction, or a single accident, transpiring upon and on either side of an invisible line separating the two states.

Therefore, it occurred in both at the same time, and for that reason should be regarded as having occurred wholly in either.  This being true, it can well be said that the action was properly brought by appellant in Whitley county, Ky., the place where the injury complained of was in contemplation of law received.  The petition is silent as to the place of appellant's residence, but does allege that appellees' railroads, respectively run through Whitley county, and these averments, together with our finding from the

facts otherwise alleged, as to the destruction of appellant's house, that the same should be held to have occurred in Whitley county and in this state, shows a sufficient compliance with the provisions of the Kentucky Civil Code of Practice. We can not, without unduly extending the opinion, comment in detail upon the authorities relied on by appellees' learned counsel in support of their contention as to the want of jurisdiction in the Whitley circuit court. But deem it sufficient to say that, with perhaps, two exceptions, they do not, in our view of the matter, conflict with those cited in the opinion; and a careful examination of them will it is believed, show, either that they are based upon facts unlike those of the instant case, or present instances in which the rule laid down by Chief Justice Marshall in Livingston v. Jefferson, 1 Brock. 203, Fed. Cas. No. 8,411, governed, because both the injury and the act causing it occurred wholly in another and distant state.

For the reasons indicated, the judgment is reversed and cause remanded that the demurrer to jurisdiction may be overruled, and such further proceedings had as may be consistent with the opinion.