## Goodwin Preserving Company v. Davis, Agent.

(Decided January 22, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1.  Venue—Statutes Fixing Venue Construed—"Accrued."—Statutes fixing the venue at the place where the cause of action "accrued" are construed to mean where the facts creating the cause of action occurred.

2.  Railroads—Residence of Assignor of Cause of Action Controls Venue of Action Against Director General—"Plaintiff."—Where Kentucky corporation, with its principal place of business in Jefferson county, re-incorporated under the same name in Delaware, and assigned with other assets a cause of action against the Director General of Railroads for damages to shipment, Jefferson county was "the county or district where the plaintiff resided at

the time of the accrual of the cause of action," within the mean-
ing of General Order No. 18, as amended by General Order No.
18a and General Order No. 18b of the Director General of Rail-
roads, relating to venue of suits, as "plaintiff" means the party
in whose favor the cause of action originally accrued.

STANLEY NEWHALL and THOMAS A. BARKER for appellant.

TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On July 17, 1919, the Goodwin Preserving Company, a
Kentucky corporation, with its principal place of busi-
ness in Louisville, Ky., shipped one hundred barrels of
raspberry preserves from the city of Puyallup, state of
Washington, to Chicago, Illinois, via the Union Pacific
Railroad to Council Bluffs, Iowa, and the Illinois Central
Railroad from Council Bluffs to Chicago. At that time
the Director General was in charge of the railroads under
the Federal Control Act, and it is claimed that, because
of the negligence of the Director General, the preserves
were damaged to the amount of $1,449.39. On March 12,
1920, the Goodwin Preserving Company of Kentucky was
reincorporated under the same name in Delaware, and
assigned all its assets and property of every kind to the
Delaware corporation, which assumed all the debts and
liabilities of the Kentucky corporation and continued to
operate the manufacturing plant located in Louisville.

On July 8, 1921, this suit was brought by the Goodwin
Preserving Company of Delaware in the Jefferson cir-
cuit court against J. C. Davis, agent, operating the Union
Pacific Railroad, the initial carrier, to recover damages
to the shipment, but service could not be had. Thereafter,
amended and substituted petitions were filed charging
negligence on the part of the agent in carrying the ship-
ment over the Illinois Central Railroad. Service was had
on J. C. Davis, agent for the Illinois Central Railroad
Company, who filed a special demurrer to the jurisdiction
of the court. The special demurrer was sustained and
the petition dismissed. The Goodwin Preserving Com-
pany of Delaware appeals.

The case turns on the construction and application of
General Order No. 18, as amended by General Order No.
18a and General Order No. 18b of the Director General
of Railroads, which orders have been sustained, Alabama
& Vicksburg Railroad v. Smith Journey, 257 U. S. 6, 66

L. Ed. 154; Hines, Director Gen. v. Taylor's Admr., 192 Ky. 298, 233 S. W. 716, and are as follows:

"General Order No. 18.

"April 9, 1918.

"Whereas, the act of Congress approved March 21, 1918, entitled, 'An Act to provide for the operation of transportation systems while under federal control,' provides (sec. 10) 'that carriers while under federal control shall be subject to all laws arising under state or federal laws, or at common law, except in so far as may be inconsistent with the provisions of this act . . . or with any order of the President. . . . But no process, mesne or final, shall be levied against any property under such federal control (40 Stat. at L. 451, 456, chap. 25, Comp. Stat., sections 3115¾a, 3115¾j, Fed. Stat. Anno. Supp. 1918, pp. 757, 762);' and,

"Whereas, it appears that suits against the carriers for personal injuries, freight and damage claims, are being brought in states and jurisdictions far remote from the place where plaintiffs reside or where the cause of action arose, the effect thereof being that men operating the trains engaged in hauling war materials, troops, munitions, or supplies, are required to leave their trains and attend court as witnesses, and travel sometimes for hundreds of miles from their work, necessitating absence from their trains for days and sometimes for a week or more, which practice is highly prejudicial to the just interests of the government, and seriously interferes with the physical operation of the railroads, and the practice of suing in remote jurisdictions is not necessary for the protection of the rights or the just interests of plaintiffs.

"It is therefore ordered, that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resides, or in the county or district where the cause of action arose.

"General Order No. 18a.

"General Order No. 18, issued April 9, 1918, is hereby amended to read as follows:

"It is therefore ordered that all suits against carriers while under federal control must be brought in

the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose.

"General Order No. 18b.

"General Order No. 18, issued April 9, 1918, as amended by General Order No. 18a, issued April 18, 1918, is hereby further amended to read as follows:

"It is therefore ordered that all suits against the Director General of Railroads as authorized by General Order No. 50a must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose; or where the cause of action would but for federal control accrue against the initial carrier (as under sec. 20, paragraph II, of the act to regulate commerce) such action may be brought in the county or district where the property was received for transportation."

It is insisted that the Jefferson circuit court had jurisdiction because Jefferson county was "the county or district where the plaintiff resided at the time of the accrual of the cause of action." The briefs discuss the question whether appellant was a resident of Kentucky at the time of the assignment. Though the question is not without difficulty, it seems to us that its residence at that time was not controlling. An examination of General Order No. 18 will show that its purpose was to prevent suits against carriers from being brought in remote jurisdictions. To that end it provided that all suits against carriers, while under federal control must be brought in the county or district where the plaintiff resides, or in the county or district where the cause of action arose. This order, however, did not accomplish the purpose, since it permitted a plaintiff, in whose favor a cause of action had accrued, to move and bring suit at his new residence. To cure this defect, the Director General issued General Order No. 18a, requiring all suits to be brought in the county or district where the plaintiff resided *at the time of the accrual of the cause of action.* Statutes fixing the venue at the place where the cause of action accrued are construed to mean the place where the facts creating the cause of action occurred. Jackson v. Spittall, L. R. 5 C. P. 542, 39 L. J. C. P. 321, 22 L. T. Rep. N. S. 755. As said in Hibernia National Bank v. Lacombe, 84 N. Y. 367,

38 Am. Rep. 518, "the cause of action must arise upon the facts, and those appearing, we have only to inquire where they occurred." For a like reason it would seem that an order having the effect of a statute, and fixing the venue in the county or district where the plaintiff resided at the time of the accrual of the cause of action must necessarily mean the time of the occurrence of the facts which give rise to the cause of action against the carrier. Therefore it seems to us that when the order is construed in the light of its manifest purpose, the word "plaintiff" must be held to mean the party in whose favor the original cause of action against the carrier arose, and not the mere assignee of a cause of action that had arisen in favor of someone else, and that the residence of the former at the time the carrier became liable to him is the controlling factor. Any other construction would put it in the power of the original claimant to assign his cause of action and vest his assignee with the right to sue in the county or district where he resided at the time of the assignment, and thereby defeat the purpose of the order. Having this view of the question, we conclude that appellant, as assignee, could bring suit in the county where its assignor, the Kentucky corporation, resided at the time the cause of action accrued in favor of the latter. It follows that the special demurrer should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.