## Ellenburger v. Pennsylvania Railroad Company.

*W. L. Hicks, Robert A. Owens* and *John G. Love,* for plaintiff.
*John Blanchard,* for defendant.

Furst, P. J., Dec. 2, 1927.—Six different plaintiffs have brought suits in trespass against the Pennsylvania Railroad Company to Nos. 277, 278, 279, 280, 281 and 282, September Term, 1926, to recover damages from the Pennsylvania Railroad Company because of the alleged destruction by fire of standing timber, and in the case of J. Raymond Guyer, in No. 278, September Term, 1926, certain manufactured timber products are also included in his statement.

The defendant company operates its "Fairbrook Branch" from a station in Centre County, by that name, to Tyrone, in Blair County, which same crosses a portion of Huntingdon County.

The real estate described in these six suits is situate in Huntingdon County, with the exception of the Ellenberger case, No. 277, September Term, 1926, and in this case part of the real estate lies in Centre and part in Huntingdon Counties.

Each plaintiff charges the defendant company with the negligent operation and management of its property and equipment, and alleges that at about 11 o'clock A. M., on April 8, 1925, the defendant company is responsible for the setting out of fire at a specific point near Marengo, in Centre County,

which same fire, after traveling over other property, finally resulted in damage to each plaintiff, as set forth in the several statements of claims on property in Huntingdon County.

In each case the defendant company has caused its appearance to be entered on the record *de bene esse* and then moves the court for a rule on the several plaintiffs to show cause why the said suits should not be quashed and the service thereof set aside and that judgments of non-suit be entered against the plaintiffs. The rules were granted and the cases argued before the late Hon. Harry Keller, and, since his death, argued before the writer of this opinion.

The defendant company has assigned the following reasons in support of its motions for non-suits:

1. Because the alleged cause of action, as averred in the plaintiff's statement, is based upon alleged acts of negligence of the defendant, alleged to have resulted in a fire or fires extending over intervening lands in the Counties of Centre and Huntingdon, in the State of Pennsylvania, to and upon a certain tract of land claimed to be owned by the plaintiff, situate wholly in Franklin Township, in the said County of Huntingdon.

2. Because, as appears by the plaintiff's statement, the alleged acts of negligence of the defendant, although averred to have originated within the said County of Centre, are relevant only in so far as they extend into the said County of Huntingdon as the proximate cause in the said County of Huntingdon of the alleged injury and damage to the lands alleged to be owned by the plaintiff situate entirely within the said County of Huntingdon, and as to alleged acts of negligence thus committed in the said County of Huntingdon.

3. Because the alleged injury and damage to lands alleged to belong to the plaintiff wholly situate in Huntingdon County is the subject of the action and the controlling feature in defining the cause of action, and the alleged acts of negligence of the defendant are inseparable from this subject of the cause in stating the entire cause of action, thus creating a cause of action arising relative to lands wholly situate in the said County of Huntingdon.

4. Because, for the reasons above stated, this action is local and not transitory, and, therefore, a suit to recover upon such cause of action is not within the jurisdiction of the Court of Common Pleas of the said County of Centre, consisting of the 49th Judicial District of Pennsylvania, and is not maintainable therein, but falls within the jurisdiction of the Court of Common Pleas of the said County of Huntingdon, part of the 20th Judicial District of Pennsylvania, and is only maintainable therein.

To which each plaintiff has answered as follows: "The above-named plaintiff, by its attorneys, appears to said rule and joins issue with the defendant in the conclusions of law as set forth in the motion for said rule and avers that the facts alleged in plaintiffs' statement are based on two things done in several counties, and both are material or traversable, and one without the other doth not maintain the action, wherefore plaintiff may choose to bring its action in which of the counties it will, and this action having been brought in Centre County, the Court of Common Pleas of that county has full jurisdiction of the entire subject-matter of the suit."

Counsel for the Pennsylvania Railroad Company have prepared an exhaustive brief and have analyzed the subject most thoroughly, but, like counsel for plaintiffs, are unable to cite Pennsylvania authorities to support their contention.

It seems to us that the reasons for holding that actions for the recovery of damages to real estate were local and must be tried, in all cases, in the county where the real estate alleged to have been damaged was situated have lost

much of their weight by the developments of the times and particularly where the real estate in question lies only a comparatively short distance across a county line.

The ease of travel, the increased facilities for travel, the fact that the population generally does travel and thus becomes familiar with the lay of the land in their own and adjoining counties; the ease with which records and papers can be transported from one county to another and that in cases of this kind if it is not a case of removing the records from "A" county to "B" county, then it is a case of taking real estate records from "B" county to "A" county; all taken together seem to overcome what fifty years or more ago were excellent reasons for insisting that such actions be tried in the county where the land was situated.

The statements of claims all allege the happening of two things, the negligent setting out of fire in one county by the defendant company and the destruction of property by that fire in another county.

To sustain the action, both material facts must be proven, and the failure to establish either allegation would result in a failure of plaintiff's cause; therefore, the plaintiffs should be permitted to institute their proceedings in either county.

Plaintiffs rely on Bulwer's Case, 7 Coke, 77, Eng. Reprint, 411, and we are of the opinion that this authority is applicable to the cases at bar; it has been cited in Rundle v. Delaware, etc., Canal, 21 Fed. Cases, 12, 139, as the rule in this county.

Plaintiffs also rely on the following cases: Smith v. Southern Ry. Co., 136 Ky. 162; also reported in 26 L. R. A. (N. S.) 927; Mannville Co. v. Worcester, 138 Mass. 89; Oliphant v. Smith, 3 Penrose & Watts, 180; Magee v. Railroad Co., 13 Pa. Superior Ct. 187, which seems to us sufficient authority to hold that the plaintiff has the choice of county in which he will bring his action.

And now, to wit, Dec. 2, 1927, after full consideration of the arguments and careful examination of the briefs and authorities cited, the rule is discharged, at the costs of the defendant.

From S. D. Gettig, Bellefonte, Pa.