## Melton's Administrator v. Southern Railway Company.

(Decided December 19, 1930.)

630

H. H. FUSON and J. B. SNYDER for appellant.

LOW & BRYANT and EDWARD P. HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant, plaintiff below, brought this suit on October 18, 1929, against the appellee to recover damages for the death of his decedent caused by his decedent being run over by one of the appellee's trains. In his petition, the appellant averred that at the time of the death of his decedent, the latter was a resident of Harlan county, Ky., and that thereafter he (the appellant) was duly and regularly appointed administrator of the estate of his decedent by the Harlan county court. He further alleged that the appellee was a Virginia corporation, and that on September 1, 1929, one of the trains of the appellee ran over his decedent at or near the station of the appellee in St. Charles, Va. Negligence was alleged in apt terms. Appellant further averred that by reason of the accident, his decedent was so crushed, maimed, and

bruised that he thereafter died in Middlesboro in Bell county, Ky., where he had been brought immediately after the accident. Damages were sought in the sum of $20,000.

This suit was brought in Bell county and the summons which was issued to the sheriff of that county was returned by that officer as having been served in that county on "G. L. Burst, Chief Agent for the Southern Railway Company."

On November 4, 1929, the appellee filed what it styled "Plea to the Jurisdiction." It reads:

"The defendant, Southern Railway Company, says that it is and was at all times mentioned in the petition a corporation organized and existing under the laws of the State of Virginia and authorized to transact business in the State of Virginia and elsewhere.

"The defendant, Southern Railway Company, says that the cause of action set up in the petition is a cause of action growing out of an injury to the person of the plaintiff's decedent and his resulting death, which occurred at St. Charles, in the State of Virginia; that the plaintiff resides in Harlan county, Kentucky, and that the chief office of the defendant in the State of Kentucky is Louisville, Jefferson county, Kentucky.

"The defendant states that this court has no jurisdiction of the defendant because said action is not brought in the county in which the defendant resides, or in which the plaintiff's decedent was injured, or in which the plaintiff resides."

The appellant demurred to this plea to the jurisdiction, and on his demurrer being overruled, he declined to plead to that plea, whereupon the court dismissed the petition, and from that judgment this appeal is prosecuted.

The questions presented on this appeal are: First, did the Bell circuit court have jurisdiction of this suit; and secondly, did the appellee properly raise the question of jurisdiction?

Addressing ourselves to these questions in their inverse order, we find that the situation presented is essentially like that in the case of Louisville Home Tele-

phone Co. v. Beeler's Adm'x, 125 Ky. 366, 101 S. W. 397, 399, 31 Ky. Law Rep. 19, where this court said:

"Now, in the case under consideration, defense could not be made by demurrer to the jurisdiction because the petition stated facts sufficient to show jurisdiction. Nor could defense be made by motion to quash the summons, because, if the court had jurisdiction at all, the summons had been served upon the proper officer, the president of the corporation. Under the circumstances, therefore, the only kind of a defense that could be made by appellant, Louisville Home Telephone Company, was by answer. This method is provided for by section 118 (Civil Code), which is as follows: 'A party may, by an answer or other proper pleading, make any of the objections mentioned in section 92, the existence of which is not shown by the pleadings of his adversary; a failure so to do is a waiver of any of said objections except that to the jurisdiction of the court of the subject of the action.' An answer being the only kind of defensive pleading that could be filed, the question arises, what sort of an answer should be filed? Should a party be required to file first an answer to the jurisdiction, and afterwards an answer to the merits, or should he have the right to file both at the same time? There is certainly no authority in the Code for filing one answer and then another answer; any answer subsequent to the original answer must be an amended answer. While in every case, no doubt, the trial court would permit an answer to the merits to be filed after an answer to the jurisdiction had been passed upon, yet the right to file an amended answer has always been held to be a matter within the sound discretion of the court. That being the case, would it not be the better practice to join all defenses in the same answer? There is certainly nothing in section 118 to the contrary. All that that section requires is that the party shall not answer to the merits without first making objection to the jurisdiction of the court."

After a discussion of the authorities, including the case of Chesapeake, O. & S. W. Ry. Co. v. Heath, 87 Ky. 651, 9 S. W. 832, 834, 10 Ky. Law Rep. 646, we said:

"In view of the foregoing authorities, and for the additional reasons which will hereafter appear,

we have reached the conclusion that a defendant may in one answer plead both to the jurisdiction and to the merits.''

Could the appellee in the instant case plead simply to the jurisdiction, or did it have to embody that plea in an answer to the merits?

It will be noted that in this Beeler case we did not say that a defendant ''must'' in one answer plead both to the jurisdiction and to the merits, but simply that he ''may'' do so. The Heath case, supra, although fully discussed in the opinion, was not overruled. In that case, the defendant first filed a plea to the jurisdiction and the court sustained a demurrer to it. The defendant then filed an answer to the merits. On appeal, this court held that the demurrer should have been overruled. As to the plea to the jurisdiction, we said:

> ''The usual mode of proceeding under the general practice of the courts in such cases is to move to quash the return made by the sheriff; but the defendant in this case followed the provisions of the Code, sec. 118, and by a proper pleading set forth the facts showing that the court had no jurisdiction of the defendant. That section provides: 'A party may, by an answer or other proper pleading, make any of the objections mentioned in section 92, the existence of which is not shown by the pleading of his adversary, and failure so to do is a waiver of any of said objections, except that to the jurisdiction of the court, of the subject of the action.' . . . We think, in filing the answer, the defendant was following the plain provision of the Code on the subject.''

This case was reversed but, under the rule then prevailing in this state. the defendant, having appealed the case, entered his appearance to subsequent proceedings and so the Chesapeake & Ohio was thereafter before the court.

In the case of Scottish Union & National Insurance Co. v. Strain, 70 S. W. 274, 275, 24 Ky. Law Rep. 958, also discussed in the Beeler case, supra, and strongly relied upon by the appellant here, we said:

> ''The Code of Practice has virtually abolished pleas in abatement. Defense to an action can be made only by motion, demurrer, or answer. The

grounds of demurrer now specifically recited in the Civil Code were, under the old practice, grounds for a plea in abatement; and many other defects and irregularities which were also reached by plea in abatement, such as the want of bond for costs in an action brought by a nonresident, a variance between the writ and declaration, the failure of the plaintiff to file the note sued on with the petition, as required by the statute authorizing suit by petition and summons, the misnomer of the plaintiff or defendant, or the omission of the names of the firm or other person to whom an obligation was given by their title or description only, now must be reached by motion, and not by plea in abatement. The facts relied on in the pleas in abatement were properly matter of defense, which should have been set up in the answer, and left to the determination of the jury, under proper instructions from the court.''

But the matter relied upon in that case to abate the action was not, even had it appeared in the petition, a ground for a special demurrer under section 92 of the Civil Code of Practice, as it did not relate to the jurisdiction of the court over the parties or the subject-matter of the action or to the capacity of the plaintiff to sue, or to a defect of parties or to another pending action. Plainly, therefore, section 118 of the Civil Code of Practice had no bearing on the case as this section authorizes the pleading of matter to bring before the court questions which a special demurrer could have raised had the matter been pleaded in the petition. In the instant case, we do not have to decide whether or not a defendant, who has filed a ''plea to the jurisdiction'' in which he is unsuccessful, may thereafter file a pleading to the merits, for the appellee was successful in its plea to the jurisdiction which it filed in this case. All we have to decide is whether the jurisdiction of the court, where the lack of such jurisdiction does not appear on the face of the petition, may be raised as it was here. If not, and a defendant did not for some reason choose to plead to the merits, he could never raise the question of jurisdiction. Section 118 of the Code provides the question here presented may be raised by an answer or other proper pleading. It is true that section 95 of the Civil Code of Practice provides ''an answer may contain'' a traverse, an

estoppel, a counterclaim, set-off, and cross-petition. But this section is permissive in its language and must be read in connection with and in the light of section 118 of the Code, and when so read, it is plain that a plea to the jurisdiction may be also set up by an answer which does not necessarily have to go to the merits. The Heath case so decides, and there is nothing in the other cases relied upon by the appellant and discussed herein which militates against that conclusion. We therefore conclude that the question of jurisdiction herein was properly raised.

The other question to be determined is whether the Bell circuit court had jurisdiction of this case.

Section 73 of the Civil Code of Practice, as amended by Acts 1928, c. 171, so far as pertinent, provides:

> "An action against such carrier for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he resides in a county into which the carrier passes; Provided, if the action be brought by a personal representative, the residence of the decedent, and not that of the personal representative shall control."

Appellant concedes that as his decedent was not a resident of Bell county, jurisdiction of this suit in the Bell circuit court cannot be predicated on his residence. But he insists that as the injury to him as administrator was occasioned by his decedent's death and as that occurred in Bell county, the circuit court of that county had jurisdiction because of this fact. He also insists that the appellee being a foreign corporation is a resident of every county in the state wherein it has an agent who may be served with process.

Neither contention can be upheld. The provision of section 73 of the Code that venue lies in the county where the plaintiff or his property is injured means that county where the facts occur out of which plaintiff's cause of action arises. Cf. Goodwin Preserving Co. v. Davis, 201 Ky. 646, 258 S. W. 97. Under familiar law, appellant's cause of action herein, if any, is governed by the law of the state of Virginia where the accident occurred, although apellant's decedent died in this state. 17 C. J. 1255. Appellant's right is not based on the death of his

decedent, but on the wrongful causing of that death by the appellee. That occurred in Virginia and it was there that the injury was done the appellant. He may not have had a cause of action until his decedent died, as held in Louisville & N. R. Co. v. Simrall's Adm'r, 127 Ky. 55, 104 S. W. 1011, 31 Ky. Law Rep. 1269, but that is a very different question from the one concerning where the injury was done him. The case of Smith v. Southern Railway Co., 136 Ky. 162, 123 S. W. 678, 26 L. R. A. (N. S.) 927, relied upon by appellant, does not support his contention. There an explosion occurred through the negligence of the Southern Railway Company near the state line. Real property on both sides of the state line was injured, and it was held that the circuit court of the county where the negligent act occurred had jurisdiction of a suit brought for injuries to real property occasioned thereby, although such property was situated across the state line in Tennessee. The court based its opinion upon the rule that jurisdiction lies in cases of that character either where the acts which caused the damage have their origin or where the application of force, started by the acts, takes place. In the instant case, the acts and the application of force both took place in Virginia. Hence the venue did not lie in Bell county under that part of section 73 of the Civil Code of Practice we are discussing. The case of Commonwealth v. Ball, 126 Ky. 542, 104 S. W. 325, 31 Ky. Law Rep. 887, simply held that the county where Ball had shot his victim had jurisdiction of an indictment for the murder of that victim although he died in another state. The appellant gains no support in that case.

So far as appellant contends that the appellee being a nonresident is a resident of any county in this state wherein service can be had upon it, he is without support in the Code. Subsection 32 of section 732 of the Civil Code of Practice provides:

"The words 'residence.' 'reside,' mean, with reference to a corporation, its chief office or place of business."

No distinction is here made between the residence of a domestic corporation and that of a foreign one. In the case of Eichhorn v. L. & N. R. Co., 112 Ky. 338, 65 S. W. 797, 799, 23 Ky. Law Rep. 1640, this section of the Code along with section 73 was construed, and it was

there held that the chief office or place of business of the Louisville & Nashville being in Jefferson county, the Nicholas circuit court had no jurisdiction of a suit brought by a resident of Texas for an injury done in Louisiana, although the Louisville & Nashville had an agent in Nicholas county upon whom process was served. We said:

"After a careful consideration of the Code and the decisions construing the same, we are of opinion that the true construction and meaning of the Code and the decisions supra settle and determine that the suit under consideration could only be brought in the county wherein the chief officer of the corporation resided, or in the county in which it had its chief office."

The case of Chesapeake & O. R. Co. v. Cowherd, 96 Ky. 113, 27 S. W. 990, 16 Ky. Law Rep. 373, relied upon by appellant, does not militate against these conclusions, for there the foreign corporation had, so far as the case shows, no chief office or place of business in Kentucky. It did not pass through Shelby county, the place of residence of the plaintiff, and the accident occurred in West Virginia. In that case, it was held that the plaintiff could not be deprived of a right to sue, and hence he was allowed to sue in the county where he could get service of process. But here, as appellee does have a chief office or place of business in this state, appellant is not deprived of all right to sue, and hence section 73 of the Civil Code of Practice must be applied.

From what we have said, it follows that the circuit court correctly upheld the appellee's plea to its jurisdiction, and its judgment is affirmed.

Whole court sitting.