## Tinsley et al. v. Gibson.

Nov. 10, 1944.

534

Cleon K. Calvert and Victor A. Jordan for appellants.

W. T. Davis for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Alleging their membership in the Lodge mentioned in the caption, an unincorporated association, and that its members are too numerous to be joined as plaintiffs, appellants instituted this action against appellee to set aside an unrecorded deed purporting to convey to her the Lodge's property and allegedly executed by unknown and unauthorized individuals. It was further alleged that the title to the property was in trustees to whom it had been conveyed for the use and benfit of the Lodge; that its members were the real and beneficial owners thereof; that the property could not be sold or conveyed without the consent and authority of two-thirds of the membership conferred at a meeting of the Lodge; that no such meeting had ever been called or held, and no such authority conferred; and that the purported grantors in the conveyance to the appellee had collected from her the pretended purchase price of the property and used it for their own benefit.

In response to the petition, appellee filed a pleading styled "Special Demurrer, General Demurrer, and Answer". Under the subtitle "Special Demurrer", the appellee alleged facts showing, among other things, that neither of the two named appellants was a member of the Lodge, and that the Lodge, prior to the institution of the suit, had surrendered its charter and was no longer in existence. These allegations were supported by exhibits filed with the pleading, and, if true, were sufficient to establish the stated grounds of the special demurrer, namely, that the appellants were without legal capacity to sue, and that there was a defect of parties plaintiff.

The second paragraph of the pleading was a "General Demurrer" couched in the usual language; and the third paragraph set forth appellee's factual defenses to the action. The prayer was (1). That the special demurrer be sustained, and that the action "be abated and dismissed"; (2) that if the "Special Demurrer" should be overruled and the deed cancelled, that she be adjudged a lien on the property for taxes expended by her, and for the increased market value of the property occasioned

by improvements which she had erected; and (3) that the petition be dismissed, and that appellee be awarded her costs and all proper and equitable relief to which she might appear entitled. Following the filing of this pleading, the next order appearing in the record is an order and judgment entered sixteen days later sustaining the special and general demurrers, and dismissing the petition. It appears from the order that the attorney for appellants was present and declined to plead further after the general and special demurrers had been sustained; but there is an entire absence of any showing that the action had ever been submitted on the special and general demurrers.

The appellants insist that the judgment should be reversed because special as well as general demurrers admit the allegations of the petitions to which they are interposed, a contention which, if sound, could have no application to the case at bar, since the appellee, impliedly conceding that the petition on its face would have been good as against a special demurrer, affirmatively in her answer and as a preliminary to her defense on the merits, set forth the facts, which did not appear in the petition, showing appellants' lack of legal capacity to sue and the consequent defect of parties. As authorizing this procedure, see Melton's Adm'r v. Southern Railway Co., 236 Ky. 629, 33 S. W. 2d 690; State Farm Mutual Auto Insurance Co. v. Hall, 292 Ky. 22, 165 S. W. 2d 838; Section 118, Civil Code of Practice. Appellee, on the other hand, devotes her argument mainly to showing the sufficiency of the facts affirmatively pleaded to justify the Chancellor's order sustaining the "Special Demurrer," and ignores appellants' failure to state that it was impracticable to bring all of the allegedly numerous persons possessing a common or general interest before the Court within a reasonable time. Since we are of the opinion that the petition on its face stated a cause of action, assuming, as did appellee, that it disclosed appellants' legal capacity to sue, and since there can be no doubt that the facts affirmatively pleaded by appellee in the special demurrer incorporated in her answer, showed conclusively appellants' want of legal capacity to sue and the consequent defect in parties, the only real question necessary to be determined in disposing of this appeal is the effect of the impropriety of the Court's action in treating as true, in the absence of a demurrer or a failure by appel-

lants to plead thereto, the allegations of the "Special Demurrer." But appellants' counsel were present when the Court made its ruling and did not request an opportunity to traverse the allegations of the defensive pleading which the Court apparently took as confessed in passing upon the special demurrer. Moreover, they do not now complain that they were deprived of an opportunity to join the issue but base their plea for a reversal squarely upon the contention that the special demurrer, though incorporated in an answer setting forth the grounds therefor not otherwise disclosed, confessed the allegations of the petition, a contention which, if it had been sustained by the Chancellor, would have prevented a preliminary determination of appellants' questioned right to sue.

While we are of the opinion that the petition on its face, though lacking in definiteness, stated a cause of action, and hence that the Court erred in sustaining appellee's general demurrer, it is unnecessary to reverse the case on that account, since, having sustained the special demurrer, it was unnecessary for the Chancellor to have ruled on the general demurrer, and his action in so doing will not constitute a bar to a similar action by those qualified to institute it.