CASE 40—PETITION ORDINARY—JANUARY 20.

# Hackett, Adm'r, v. Louisville, &c., R. Co.

### APPEAL FROM DAVEISS CIRCUIT COURT.

1. IN AN ACTION UNDER SECTION 3 OF CHAPTER 57, GENERAL STATUTES, to recover for the killing of one person by the willful neglect of another, there can be no recovery, unless the person killed left either widow or child. And where the petition alleges "gross and willful neglect," the action will be regarded as under section 3, just as if willful neglect alone had been alleged.

2. RIGHT TO SUE FOR BOTH DEATH AND SUFFERING—ELECTION.—Where the death of one person is caused by the negligence of another and there is an interval of suffering between the time of injury and the time of death, the representatives of the decedent can not recover both for the suffering and for the death, but must elect. Therefore, where the administrator has filed his petition seeking to recover for the death, he can not file an amended petition to recover for the suffering.

OWEN & SON AND W. N. & J. J. SWEENEY FOR APPELLANT.

It is not possible to reach the conclusion that the injury would not have occurred but for the act of the plaintiff's intestate. But even though it were by her fault the timber was precipitated upon her, the appellee is liable. (Bransom's Adm'r v. Labrot, &c., 81 Ky., 639.)

Given's Adm'r v. Ky. Cent. R. Co., 12 Ky. Law Rep., 950, distinguished.

HELM & BRUCE FOR APPELLEE.

1. This was an action under section 3 of chapter 57, Gen. Stats. The coupling of the allegation of gross neglect with that of willful neglect does not change the character of the action. (Bransom's Adm'r v. Labrot, 81 Ky., 641; Cincinnati, &c., R. Co. v. Privitt's Adm'r, 92 Ky., 223.)

2. The action being for willful neglect, and brought under section 3, can not be maintained, as there are no children or widow. (Henderson v. Ky. Cent. R. Co., 86 Ky., 389; Jordan's Adm'r v. Cincinnati, &c., R. Co., 89 Ky., 40; Newport News, &c., R. Co. v. Dentzel, 91 Ky., 56.)

3. A party can not maintain upon the same state of facts two distinct causes of action, one for injuries and the other for death. (Conner's Adm'r v. Paul, 12 Bush, 147.) And therefore the plaintiffs here,

having sought by their original petition to recover for the death, could not, while still adhering to the cause of action therein pleaded, attempt, by amended petition, to recover for the injuries during the life.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant brought this action under section 3, chapter 57, General Statutes, to recover damages for the death of his seven years old child, caused by the willful negligence of the appellee, consisting in piling some railroad ties on the commons in the City of Owensboro so carelessly and negligently that the ties, while the child was playing on the pile, rolled down and on the child, injuring it, and from which it died sixteen days thereafter.

It is alleged by the appellant that he is the father of the child and its only heir. Now, there is no principle better settled by this court than that no action can be maintained under section 3, chapter 57, of the General Statutes, to recover damages for causing death to a person by willful neglect, except by the children or widow of the deceased, or by the administrator of the deceased for their benefit, and if there be neither children nor widow, no recovery can be had for such killing. (See Henderson's Adm'r v. Ky. Central R. Co., 86 Ky., 389; Jordan's Adm'r v. Cincinnati, &c., R. Co., 89 Ky., 40, and Newport News, &c., Co. v. Dentzel's Adm'r, 91 Ky., 46.)

It appears that the appellant, as father, is the only heir of the child, and he sues as administrator of the child, which is, in effect, suing as administrator for himself as heir; but, according to the rule established by the cases *supra,* the appellant is not one of the heirs that is entitled to recover under the statute, the children and widow of the deceased being the only persons that are entitled to recover; and as the administrator can only

maintain an action in their behalf, it follows the petition set up no cause of action. The expression in the petition is "gross and willful neglect." The expression "gross" signifies a less degree of neglect than the expression "willful" neglect.

But coupled, as the expressions are, they signify that degree of neglect that brings the case within the third section of the statute *supra.* The expression "gross," coupled as said with the expression "willful," so far as determining the character of the action is concerned, is immaterial and unnecessary, and does not tend to change the degree of neglect required to bring the case within section 3, chapter 57. (See Bransom's Adm'r v. Labrot, 81 Ky., 641.) Now, the amended petition, filed on the 25th day of September, 1889, alleges that the appellee, by its gross negligence, caused the injury complained of, and that the child suffered therefrom for fifteen days. The appellant then prays as in his petition. The amendment does not retract the allegations of the petition as to willful neglect, but, at most, it only adds another count for gross neglect, so as to have two counts, one for the suffering caused by gross neglect, the other for the killing caused by willful neglect.

Now, this court has decided and settled the question that where certain acts cause death, they can not be divided so as to make two actions, one to recover for the suffering caused, and the other to recover for death. The party must elect. (See Conner's Adm'x v. Paul, 12 Bush, 147.) Here, as said, the amendment and the petition make two counts, which are in effect two causes of action, when the facts causing the death constitute but one cause of action, and as they can not be divided so as

to make two actions, neither can two counts, which are in effect two causes of action, be maintained on them.

The judgment is affirmed.

---

*CASE 41—PETITION EQUITY—JANUARY 23.