Louisville & N. R. R. Co. v. Simrall's Admr.

CASE 9.—ACTION BY WILLIAM F. SIMRALL'S ADM'R AGAINST THE LOUISVILLE & NASHVILLE R. R. CO. FOR DAMAGES FOR CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.—November 1.

# Louisville & N. R. R. Co. v. Simrall's Admr.

Appeal from Shelby Circuit Court.

R. F. PEAKE, Circuit Judge.

Judgment for plaintiff, defendant appeals— Affirmed.

1.  Death—Cause—Evidence.—Intestate, a railroad station agent, was struck, on July 25, 1901, by a car door which fell on him from one of defendant's cars standing or moving on a side track as intestate was passing it in the course of his business. Intestate was knocked down, and his head and hip badly injured. He continued in defendant's service until January or February, 1902, when he was stricken with pneumonia or typhoid fever, after which his health rapidly failed, and on October 14, 1902, he was declared a lunatic and sent to an asylum, where he died September 12, 1905. Held, That his death was reasonably attributable to his injuries; defendant having offered no testimony in support of any other theory.

2.  Master and Servant—Death of Servant—Negligence.—Where a station agent was struck, and received injuries from which he died, by the fall of a defective car door as the agent was passing in the course of his duties, the dangerous condition of the door was sufficient evidence of negligence on the part of the railroad company.

3.  Damages—Personal Injuries.—If a person injured by a railroad company sues for damages for the injury within a year, as he is required to do by Ky. Stats., 1903, section 2516, he may recover for physical and mental suffering and impairment of his ability to earn money, not only up to the time of the trial, but for such as may reasonably be expected to result to him from defendant's negligence in the future.

4. Death—Action by Administrator.—If a person injured by a railroad company die of the injuries, and his administrator sues for the injury within a year after the infliction thereof, as provided by Ky. Stats., 1903, section 2516, he may recover for intestate's mental and physical suffering, loss of time, and surgical bills to the time of intestate's death.

5. Same—Measure of Damages.—In an action for wrongful death, intestate's administrator can not recover for his intestate's physical or mental suffering, or mere impairment of his power to earn money; the measure of damages being limited to such a sum as will compensate intestate's estate for the destruction of his power to earn money.

6. Limitation of Actions—Personal Injuries—Accrual of Cause of Action—A cause of action against a railroad company for injuries to a servant, brought by the servant's administrator, accrued on the infliction of the injury, from which t me the one-year statute of limitation (Ky. Stats., 1903, section 2516) began to run.

7. Death—Cause of Action—Accrual.—An action for a wrongful death, created by Constitution section 241, and Ky. Stats., section 6, does not accrue until the death of the person injured, regardless of the date of the injury.

8. Same—Limitations.—Act 1854 (1 Acts 1853-54, p. 175, ch. 964), section 4, providing that actions for wrongful death shall be commenced within one year from the time of such death, was not changed by the phraseology adopted in embodying it in Ky. Stats., 1903, section 2516, declaring that an action for injury to the person or to a servant by railroads shall be commenced within one year next after the cause of action accrued, and not thereafter, under the rule that, where a law has been settled, a mere change of phraseology in a revision will not be construed to change the law, unless such phraseology purported to work a change.

9. Same—Damages—Instructions—In an action for wrongful death, an instruction that, if the jury found for plaintiff, they should find in such a sum as would reasonably compensate intestate's estate for the destruction of intestate's power to earn money, not exceeding the amount claimed in the petition, and authorizing the jury to consider intestate's age, capacity to earn money, and probable duration of life, was not objectionable for failure to limit the destruction of his earning capacity to such as was caused by his death.

10. Trial—Instructions—Requests to Charge.—Unless a litigant offers additional instructions in lieu of instructions given

Louisville & N. R. R. Co. v. Simrall's Admr.

which were correct in themselves, he can not object that the instructions were inadequate.

WILLIS & TODD, and EDWARD W. HINES for appellant.

BENJAMIN D. WARFIELD of counsel.

POINTS AND CITATIONS.

1. The trial court erred in sustaining plaintiff's demurrer to the defendant's pleas of the statute of limitations.

(a) No right of action exists for causing the death of a person where no right of action for the injury causing the death exists at the time the death occurs, as neither section 241 of the Constitution of Kentucky nor section 6 of the Ky. Stats. was intended to give a right of action for causing the death of a person unless a right of action for the injury existed at the time of the death. (Hansford v. Payne, 11 Bush, 380; Connor's Admr. v. Paul, 12 Bush, 144; Hackett, Admr., v. Louisville, etc., R. Co., 95 Ky., 236; L. & N. R. Co. v. McElwain, 98 Ky., 700; Donahue v. Drexler, 82 Ky., 157; Henderson's Admr. v. Ky. Cent. R. Co., 86 Ky., 389; Jordan's Admr. v. Cincinnati, etc., R. Co., 89 Ky., 40; Wright v. Wood's Admr., 96 Ky., 56; East Tenn. Tel. Co. v. Simms' Admr., 18 Ky. Law Rep., 761; Passamaneck's Admr. v. Louisville Ry. Co., 98 Ky., 195; Clark's Admr. v. L. & N. R. Co., 101 Ky., 34; Southern Bell Telephone & Telegraph C&o. v. Cassin, 111 Ga. 575, 50 L. R. A. 694; Heck v. Ohio & M. Ry. Co., 132 Ind., 507; Lubrano v. Atlantic Mills (R. I.), 34 L. R. A., 797; Canadian Pac. R. Co. v. Robinson (Canada Supreme Court), 54 Am. & Eng. R. Cases, 49. Same case on appeal, Appeal Cases (1892), 481.)

(b) The policy of the law is to limit to a short period after the injury the time for bringing actions for personal injuries, whether the injury resulted in death or not. (Ky. Stats., section 2516; Carden, Admr., v. L. & N. R. Co., 101 Ky., 113 L. & N. R. Co. v. Sanders, etc., 86 Ky., 259; L. & N. R. Co. v. Brantley's Admr., 106 Ky., 849; Van Vactor's Admr. v. L. & N. R. Co., 112 Ky., 445; Lansell v. Brashear, 3 Mon., 330; Ellis v. Kelso, 18 B. M., 296; Wood on Limitations, sections 5 and 179; 21 Am. & Eng. Ency. of Law, p. 93.)

2. The instruction as to measure of damages was erroneous. (L. & N. R. Co. v. Millet's Admr., 20 Ky. Law Rep., 533; C. & O. R. Co. v. Lang's Admr., 100 Ky., 221; L. & N. R Co. v. Graham's Admr., 98 Ky., 688.)

3. If the instruction as to measure of damages be so interpreted as to make it a correct statement of the law, then it was

disregarded by the jury, and the verdict is contrary to both the law and the evidence.

4. The injuries complained of were not the proximate cause of the death of plaintiff's intestate, and for that reason also the verdict is not supported by the evidence.  (Scheffer v. Washington, etc., R. Co., 105 U. S., 294.)

P. J. BEARD, WM. SCOTT and J. C. BECKHAM & SON, attorneys for appellee.

After all these years of judicial expressions and of legislative intent, we must take it as the settled policy in this State, that the cause of action for the death under the provision of section 241 of the Constitution, and section 6 of the statutes, accrues at the time of the death, and that the statute of limitation commences to run from that date.

In this case the injury  occurred  in July, 1901, the death occurred September 12, 1905; the administrator qualified September 22, 1905; the suit was instituted September 27, 1905; these facts are admitted by the pleadings.  The statute of limitation was interposed.  A demurrer by plaintiff was properly sustained to this plea.

OPINION  OF  THE  COURT  BY  JUDGE  SETTLE --
Affirming.

This is an appeal from a judgment of the Shelby circuit court upon a verdict awarding appellee, W. C. Haynes, administrator of the estate of Wm. F. Simrall, deceased, $5,000 damages for the death of the latter, alleged to have been caused by the negligence of appellant, Louisville & Nashville Railroad Company.  The intestate on July 25, 1901, was station agent for appellant at Scott's Station, in Shelby county, Ky. and was that day injured by being struck by a car door, which fell upon him from one of appellant's cars, standing or moving on a side track at Scott's Station, as he was passing it to deliver a way-bill to the conductor of a freight train then about to leave the station.  The intestate was knocked down by

the falling car door, and his head and hip badly injured. Notwithstanding his injuries and consequent ill health, he continued in appellant's service until January or February, 1902, when he became ill with pneumonia or typhoid fever, after which he rapidly failed in health, and on October 14, 1902 was by verdict of a jury declared a lunatic and sent to the insane asylum at Lakeland, where he died September 12, 1905. The administrator qualified September 22d, and on September 27, 1905, instituted this action. Appellant by its answer denied the negligence complained of in the petition, alleged contributory negligence on the part of the intestate, and pleaded the statute of limitations; averring that more than one year elapsed between the infliction of the intestate's injuries and his death, and also that more than one year elapsed after the injuries were inflicted before the petition was filed. The lower court sustained a demurrer to the pleas of the statute of limitations, to which appellant excepted.

We think the evidence fairly supports the conclusion that the death of the intestate can with reasonable certainty be attributed to the injuries he received from the falling upon him of the car door, and appellant offered no testimony in support of any other theory as to the cause of his death. We are also of opinion that the evidence easily leads to the further conclusion that the injuries he sustained resulted from appellant's negligence. Indeed, no other evidence of such negligence was needed than that furnished by the dangerous condition of the car door, which must have been known to appellant's servants in charge of the train before it fell upon Simrall, or could, by the use of ordinary care, have been discovered by them, either before or after the arrival of

the train at Scott's Station and before his injuries were received. In other words, the evidence was sufficient to authorize the finding of the jury that the death of appellee's intestate was the natural and proximate result of the negligence of appellant complained of.

It is strongly insisted for appellant that the court erred in sustaining appellee's demurrer to its pleas of the statute of limitations; it being the contention of counsel that no right of action exists for negligently causing the death of a person where no right of action for the injury causing the death exists at the time the death occurs, and, further, that neither section 241 of the Constitution of Kentucky nor section 6 of the Kentucky Statutes of 1903 was intended to give a right of action for causing the death of a person, unless a right of action for the injury existed at the time of the death. The argument advanced by learned counsel for appellant is that, as section 2516, Ky. Stats. 1903, which provides: "An action for an injury to the person of the plaintiff, or his wife, child, ward, apprentice, or servant, or for injuries to person, cattle, or stock, by railroads or any company or corporation   *   *   *   shall be commenced within one year next after the cause of action accrued and not thereafter"—applies to actions for injuries resulting in death, as well as those which do not result in death, the statute runs in each case from the time the injury was inflicted. It is further argued that the starting point is the same in each case, and that if, in the case of an injury subsequently resulting in the loss of a leg, the statute runs from the date of the original injury, and not from the loss of the leg, so, in the case of an injury subsequently resulting in death, the statute runs from the date of the original

injury, and not from the death.  It is also urged that
any other construction of the statute than that con-
tended for by appellant would lead to injustice and
oppression, for the reason that if an administrator
may maintain an action for causing the death of his
intestate, where the death did not result until the
lapse of 10 or 15 years from the time the injury was
inflicted, then he may recover, although his intestate
could not do so, if living, for the injuries received,
and that, too, very probably after many of the wit-
nesses have died or disappeared, and after the cir-
cumstances surrounding the infliction of the injury
have faded from the memories of those by whom it
was witnessed.

Though plausible, the foregoing argument is un-
sound.   Hardships may result in exceptional cases
from the application of any statute or legal principle,
however salutary the operation of either in general.
There is only a seeming analogy in the cases
instanced by counsel.  If the person injured sues
for the injuries sustained, while he must do so
within the year, he may not only recover for the
physical and mental suffering and impairment of his
ability to earn money experienced up to the time of
the trial, from the injuries received caused by the
negligence of the defendant, but also for such of
either or both as may reasonably be expected to result
to him therefrom in the future.  If the person injured,
die of the injuries, his administrator, by suing within
a year of the infliction of the injuries, may recover
for his mental and physical suffering, loss of time,
and surgical bills down to the time of the death.  On
the other hand, if the administrator sues to recover
for the death of his intestate, caused by the negli-
gence of another, the measure of damages is wholly

different; for in the latter case there can be no recovery for the physical or mental suffering of his intestate, or the mere impairment of his power to earn money, but the recovery is for the death of the intestate alone, and is limited to such a sum as will compensate his estate for the destruction of his power to earn money. In the first case the cause of action is asserted by the person injured, or his administrator, and it arises out of and is for the injury received. It therefore accrues from and at the time of the infliction of the injury; hence the statute then begins to run. In the second case the cause of action does not accrue until the death of the person injured occurs, because the action is not for the injury sustained by the intestate, but for the death resulting from the injury, which is an independent and distinct grievance, created by statute, for which the personal representative alone may sue. This being true, the statute begins to run at the death and with the accrual of the cause of action. It is an indisputable rule that the statute of limitations can never begin to run until the cause of action accrues.

The essential facts necessary to a recovery in this case were the death of Simrall and the negligence of appellant in causing it. At common law an action would not lie to recover damages for causing the death of a person. Lord Campbell's act, passed by the English Parliament in 1846, was the forerunner of the many similar acts to be found on the statute books of the several states of the American Union. Section 241, Const. Ky., and section 6, Ky. Stats. 1903, in meaning closely follow it. Section 241 of the Constitution provides: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case,

damages may be recovered for such death, from the
corporations and persons so causing the same.   Until
otherwise provided by law, the action to recover such
damages shall in all cases be prosecuted by the per-
sonal representative of the deceased person.   The
General Assembly may provide how the recovery
shall go and to whom belong; and until such provision
is 'made the same shall form part of 'the personal
estate of the deceased person.''   Section 6, Ky. Stats.
1903, is as follows: ''Whenever the death of a person
shall result from an injury inflicted by negligence or
wrongful act, then in every such case, damages may
be recovered for such death from the person or per-
sons, company or companies, corporation or corpora-
tions, their agents or servants, causing the same, and
when the act is willful or the negligence is gross,
punitive damages may be recovered, and the action
to recover such damages may be prosecuted by the
personal representative of the deceased.   The amount
recovered, less funeral expenses, and the cost of
administration, and such costs about the recovery,
including attorney fees as are not included in the
recovery from the defendant, shall be for the benefit
of and go to the kindred of the deceased in the fol-
low order, viz.: (See section 241, Const.)   *   *   *''

The provisions of Lord Campbell's act were first
adopted in 1854 (1 Acts 1853-54, p. 175, c. 964) by an
act of the Legislature of this State, in section 4 of
which it was provided: ''The actions under this act
shall be commenced within one year from the time
of such death.''   2 Rev. Stats. (Stanton) pp. 510-512.
The act of 1854, upon a revision of the statutes, was
transferred to chapter 57 of the General Statutes,
together with other provisions, under the title
''Injuries to Persons or Property.''   Section 4, which

prescribed the time within which actions allowed un-
der the act should be brought, was, however, in form
omitted from the General Statutes, but in substance
retained in section 3, art. 3, c. 71, thereof; and as said
in Carden's Adm'r v. L. & N. R. R. Co., 101 Ky.
113, 39 S. W. 1027, 19 Ky. Law Rep. 132: "It will
be noted that the act of 1854, which thus gave right
of action for loss of life, expressly provides that the
limitation should be one year from the date of such
death, and later in the general revision of the statutes
the limitation clause was transferred to the chapter
on 'Limitations,' and included in a section with
others, and the phraseology was changed for the sake
of brevity." In the next revision of the statutes we
find section 3, art. 3, c. 71, Gen. Stats., transferred to
section 2516 of the Kentucky Statutes of 1903.

As the act of 1854 settled and fixed the law as to
limitation in such an action as this, in express terms,
the change of phraseology made by section 3, art. 3,
c. 71, Gen. Stats., on that subject, or the addition
thereto of the clause "and not thereafter," should
not be construed as a change in the law. As said in
Overfield v. Sutton, 1 Metc. (Ky.) 621: "Where a
law has been settled by clear expressions or adjudi-
cations, the mere change of its phraseology in a revis-
ion of the statutes cannot be construed a change of
the law, unless such phraseology evidently purported
to work a change." In other words, if section 4 of
the act of 1854 is in meaning and effect included in
section 3, art. 3, c. 71, Gen. Stats., then it must follow
that it is also included in section 2516 of the Ken-
tucky Statutes of 1903; and therefore it conclusively
appears that from 1854 until the present day the leg-
islative intent has been that the cause of action for
the death accrues as of the date of the death. Such

has been the ruling of this court in every case to which our attention has been called, and certainly no legislative act, during the more than 50 years of legislation since 1854, can be found altering or repealing this legislative intent.

The question under consideration was in effect settled in Carden's Adm'r v. L. & N. R. R. Co., supra. While it was the contention of the plaintiff in that case that the statute ran from the date of the appointent of the administrator, instead of the date of his death, the court held that it began to run at the death of the intestate, as the following excerpt from the opinion will show: ''It seems evident that it was the intention of the Legislature to limit the time when actions could be instituted under this statute to one year from the day when the cause of action accrued, which undoubtedly was the date of the death.'' It will be found, too, that the doctrine announced in the Carden case was reaffirmed by this court in the later cases of C. & O. Ry. Co. v. Kelley's Adm'r, 48 S. W. 993, 20 Ky. Law Rep. 1238, and Wilson's Adm'r v. I. C. R. R. Co., 92 S. W. 572, 29 Ky. Law Rep. 148. A similar construction was given an Indiana statute, very much like our own, by the Supreme Court in Louisville, Evansville & St. Louis R. R. Co. v. Clarke, 152 U. S. 230, 14 Sup. Ct. 579, 38 L. Ed. 422.

We cannot agree with counsel for appellant that the court erred in instructing the jury as to the measure of damages. The instruction is as follows: ''If you should find for the plaintiff, it should be in such a sum as you may believe from the evidence will reasonably and fairly compensate the estate of Wm. F. Simrall for the destruction of the power of Wm. F. Simrall to earn money, not exceeding $40,000, the

amount claimed in the petition; and you can consider the age of the intestate, his capacity to earn money, and the probable duration of his life." It is insisted that this instruction should have contained, after the words "to earn money," the further words "caused by his death." We do not think the omission of these words was error, as the jury could not have failed to understand from the instruction as written that the only recovery to which appellee was entitled was for the destruction of his intestate's power to earn money resulting from the negligence of the appellant causing his death; nor can it be said that the instruction in meaning authorized the jury to take into consideration the sufferings endured by the intestate before his death, which resulted from his injury. The instruction in the form given the jury has been repeatedly approved by this court. L. & N. R. R. Co. v. Kelly's Adm'r, 100 Ky. 436, 38 S. W. 852, 40 S. W. 452, 19 Ky. Law Rep. 69. Besides, it does not appear from the record that appellant asked or offered an instruction in respect to the measure of damages, and, as said in Patterson v. Moss Tie Co., 97 S. W. 379, 30 Ky. Law Rep. 10: "It is a well-settled rule of this court that a litigant cannot complain of instructions correct in themselves, though inadequate, given by the court, unless he offers additional instructions to be given in lieu thereof."

It is our conclusion that no error of substantial import was committed by the lower court in this case. Wherefore the judgment is affirmed.

JUDGE BARKER dissents.