# C. & O. Ry. Co. v. Joseph Banks Admr.

(Decided March 14, 1911.)

## Appeal from Floyd Circuit Court.

1. Railroads—Removal of Causes.—In a motion by the defendant in a state court for the removal of a case to the Federal court, it is not enough for the applicant to state that at the time the application for removal was made he was a citizen of another state than the one in which the plaintiff resided, but it must appear as a fact that at the time the suit was instituted he was a resident of another state.

2. Same—Administrator—Wife of Next of Kin.—When one has been appointed and qualified as administrator of a decedent's estate by taking the oath and executing bond he is clothed with all the power and authority that any one filling the position could have though not a wife or next of kin to deceased, there being no complaint made by the wife or next of kin.

3. Rulings of Trial Court.—It is a uniform rule of this court not to disturb the rulings of the trial court in refusing or permitting to be filed amended pleadings, unless it appear that such rulings tended to defeat the ends of substantial justice.

4. Same—Negligence.—Where one is injured through the negligent acts of another and death does not immediately ensue, the representatives of the deceased may, at their election, sue either for the pain and suffering endured by the deceased, as a result of the injuries, or for his death; either one, but not both.

WALTER S. HARKINS, JOSEPH D. HARKINS, F. T. D. WALLACE and WORTHINGTON, COCHRAN & BROWNING for appellant.

E. A. HOPKINS and JOHN C. HOPKINS, JR., for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

While walking on the track of the Chesapeake & Ohio Railroad in the outskirts of the town of Prestonburg, Joseph Banks was run over and so seriously injured that he died from the effects thereof in a few hours. His administrator brought suit for damages for his death against the railroad and the engineer in charge of the train, upon the theory that the injury was due to the negligence and carelessness of the engineer. Each defendant filed a petition, accompanied by the required bond, for removal to the Federal court, and the case was thereupon transferred to the Federal court for the Eastern District of Kentucky. The administrator filed a motion in the Federal court to remand the cause; and,

upon a hearing, this was done. Upon its return to the State court, each defendant, after a demurrer to the petition had been overruled, again moved that the case be transferred to the Federal court. This motion was over-ruled. Thereupon each filed a separate answer, in which the allegations of negligence were controverted and the plea of contributory negligence interposed. The affirmative matter in these answers was traversed. Plaintiff offered to file an amended petition, in which he charged that the negligence resulting in the injury of his intestate was gross; and he asked that the claim for damages be reduced from $10,000 to $2,000. The court, over the objection of defendants, permitted this pleading to be filed. Upon the issues joined the case proceeded to trial, at the end of which plaintiff recovered a verdict for $1,500; and from the judgment entered thereon the defendants appeal.

The several grounds relied upon for reversal are, first, error of the trial court in refusing to transfer the case to the Federal court; second, want of capacity on the part of plaintiff to sue; third, error in refusing peremptory instruction; fourth, error in admitting incompetent evidence over the objection of the defendants; and fifth, error in instructing the jury.

The first error complained of is that the trial court erred in refusing to transfer the case the second time to the Federal court. The ruling of the judge in this particular was correct, for the reason that the petition failed to state that the petitioner was, at the date of the institution of the suit, a resident of the State of West Virginia. It was not enough for him to state that, at the time the application for removal was made he was a citizen of a different State from that in which the plaintiff resided; but it must appear as a fact that at the time the suit was instituted he was a resident of another State. This question was decided in Stevens v. Nichols, 130 U. S., 230, in which the court said:

"The case was not removable from the State court, unless it appeared affirmatively in the petition for removal, or elsewhere in the record that the commencement of the action, as well as when the removal was asked, Stevens and Mirick were citizens of some other State than the one of which the plaintiff was, at those respective dates, a citizen. * * * The petition for removal

does not allege the citizenship of the parties except at the date when it was filed, and it is not shown elsewhere in the record that Stevens and Mirick were, at the commencement of the action, citizens of a State other than the one of which the plaintiff was, at that date, a citizen. The court, therefore, cannot consider the merits of the case.''

The proof developed on the trial did not cure the defect in the pleading; but, on the contrary, rather tended to show that, at the time the application for removal was made, the defendant Artrup was in fact a resident of Johnson county, Kentucky.

The objection that the plaintiff had not capacity to sue is likewise untenable. This objection is based upon the idea that the county judge, in appointing an administrator for decedent, should have complied with the provision of the statute, and given preference to his wife or next of kin in selecting an administrator. An objection of this kind might be made in the county court in a direct proceeding by the widow or next of kin, and, upon a proper showing, the order appointing plaintiff might have been set aside and those entitled to letters of administration appointed in his stead. But no other party has a right to complain because those lawfully entitled thereto were not appointed. As is suggested by counsel for appellee in brief, they could have waived that right; or none of those under the statute entitled might have possessed the necessary qualifications; and then it would have been the duty of the court to have appointed someone, even though a stranger in blood, to administer the decedent's estate. Having been appointed, and qualified by taking the oath and executing a bond, he is clothed with all the power and authority that anyone filling the position of administrator could have.

It is next urged, that even though the judge did not conform to the statute in appointing appellee, still as the order under which the appointment was attempted to be made was not signed by the judge, he has not in fact been appointed. The facts shown by the record are that the order was regularly entered, a vacant space of some four or five lines left on the record book, and this vacant space followed by still other orders made by the county judge on the same day, and at the close of the day the judge signed once for all of the orders. This, in our opinion,

is a perfectly good and valid order. It is not customary for county judges to sign each order made during the day upon which he holds his court, but to wait until all of the orders are entered and then sign at the close of the day's business.

It is also urged that the bond is defective, in that it has not endorsed on it the approval of the judge. This is true. But the order appointing the administrator is in the following words:

"On motion of A. J. May, Hiram Laferty is appointed administrator of the estate of Joseph Banks, deceased. Said Laferty accepted said appointment and executed bond with A. J. May, W. H. May, Joseph Banks and Marion Crider his sureties and said Laferty took the oath required by law, all of which is approved by the court."

Thus the bond was approved by the judge as fully and completely as if he had endorsed his approval on the face thereof.

So likewise is the position of appellant, to the effect that the court erred in refusing to continue the case when he permitted the amended petition to be filed untenable. No new issue was raised by this amendment. It simply had the effect of reducing the amount of the claim from $10,000 to $2,000. It is true that it charged that the negligence resulting in the decedent's death was gross, but this did not change the issue in anywise. Appellant would have been required to introduce the same witnesses to refute or rebut the evidence of negligence whether ordinary or gross. Under the charge in the original petition appellant had prepared its case to show, if possible, that neither the company nor the engineer was guilty of any negligence in running over the deceased, and we are at a loss to understand how counsel for appellant were either surprised or put to a disadvantage by reason of the filing of this amendment. It did not tend to change the issue, but merely charged a greater degree of negligence than charged in the original petition. The trial judge did not, in our opinion, abuse his discretion in permitting it to be filed. It is a uniform rule of this court not to disturb the rulings of the trial court in permitting or refusing to be filed amended pleadings, unless it appears that such rulings tended to defeat the ends of substantial justice.

The only remaining points which it is necessary to notice are, that the court erred in the admission of evidence and in instructing the jury. An examination of the record satisfies us that a great deal more evidence than was necessary was introduced for the purpose of showing that the injury occurred within the limits of the town of Prestonsburg. But we cannot say that this was error. It might have been obviated by an admission on the part of the defendant that the accident did occur within the corporate limits. Inasmuch as they did not see fit to make this admission, we are of opinion that the court did not err in permitting the plaintiff, through the record, to establish this fact.

The only evidence which we find the court permitted to go to the jury that was prejudicial was that which bore upon the question of the suffering of the deceased between the hour of his injury and that of his death. This was an action for his death, and it was not proper that evidence of his suffering should have been permitted to go to the jury. As the case must be reversed because of errors in the instructions, upon another trial the court will observe this ruling.

The evidence shows that the freight train which struck deceased whistled for Prestonsburg station at a point about six hundred yards below the point where a spur track left the main line of the road; that the switch leading from the main track to the spur was thrown, and that it was necessary for this freight train to pass in upon the spur track in order to let a fast passenger train that was standing on the main track go by. The engine, and part of the train of cars, had passed from the main track onto the spur before the deceased was struck and killed. The deceased had walked from his home some distance up the main track, and had passed from the main track onto the spur track, and was walking down this spur track when he was struck. There is a conflict in the evidence as to whether he was walking in the center of the spur track or on the edge thereof or the side thereof. There is some evidence tending to show that, from the time he left the main track to the point where he was struck, he was walking in the center of the spur track. There is also some evidence tending to show that he was walking on the side thereof; and, just before he was struck, attempted to cross over. The proof shows that from the place where he was struck for a distance of from

350 to 400 yards those in charge of the train had an unobstructed view of the track, and that no signal or warning was given until the engine was almost upon the deceased. Under this state of fact the trial court properly refused to peremptorily instruct the jury to find for the defendant.

The instructions given are faulty in several particulars. By instruction number one a recovery is authorized for both the pain and suffering and the death of deceased. Such an instruction has been frequently condemned by this court. In the case of Connor's Admr. v. Paul, 75 Ky. (12 Bush), 144, this court, speaking through Judge Pryor, said:

"The acts causing the death of the party, from either the willful or ordinary negligence of the party charged, constitute but one cause of action, whether the measure of recovery sought is for the suffering of the intestate during his life or for the wilful negligence causing his death. Different degrees of negligence cannot be established from the same acts of the party charged, so as to create different causes of action in favor of the party injured, or the injuries resulting from such negligence so severed as to create distinct causes of action by the same person. The statute has only enlarged the remedy, and given to parties a cause of action unknown to the common law. The party entitled to bring the action, either at common law or under the statute, must make his election; and while the right of recovery under our statute for willful negligence may increase the measure of recovery, such an action is a bar to a cause of action that survived at common law upon the same facts. The acts constituting the wrong being inseparable, a recovery by the administrator for the mental and bodily suffering of the intestate is a bar to any proceeding under the statute, either by the personal representative or the next of kin."

This rule has been repeatedly followed and is now the well settled law in this State. Where one is injured through the negligent act of another, and death does not immediately ensue, the representatives of the deceased may, at their election, sue either for the pain and suffering endured by the deceased as a result of the injury, or for his death. Either one, but not both. Therefore, so much of instruction number one as authorized the jury to award damages for the pain and suffering endured by

the deceased was prejudicial error, and upon another trial the court will omit from instruction number one the words "and fairly compensate for the physical and mental sufferings to Banks caused by the injury."

Instructions two, three, five and six were proper. Instruction four was unauthorized, but as there was some evidence tending to show that deceased came upon the track at a point so near in front of the engine that it was impossible for those in charge of it to avoid striking him, the defendant company was entitled to have this phase of the case submitted to the jury in an appropriate instruction. Such an instruction the court will give in lieu of number four. Instruction seven should not have been given, as the whole law of the case is embodied in instructions one (as modified), two, three, five and six, and an appropriate instruction, as directed, in place of number four. For the reasons indicated the judgment is reversed and cause remanded for further proceedings consistent herewith.