# Lutes' Administrator v. Gray-Von Allmen Sanitary Milk Company et al.

(Decided June 12, 1934.)

CHARLES W. MORRIS, OSCAR LEIBSON, FRANK A. GAR-LOVE, and BENJ. H. SACHS for appellant.

O'NEAL & O'NEAL, ROBERT L. PAGE, PETER, LEE, TABB, KRIEGER & HEYBURN, and SIDNEY BAER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Annabelle Lutes was injured on January 24, 1930, and died on March 26, 1930. On March 31, 1930, Joseph Lutes qualified as her administrator with the will annexed, and on March 30, 1931, brought suit against the Gray-Von Allmen Sanitary Milk Company, the Louisville Railway Company, and the Louisville Taxicab & Transfer Company to recover damages. The milk company moved the court to require plaintiff to elect whether he would proceed for pain and suffering, or for

death, and the railway company moved the court to strike from the petition the allegations as to pain and suffering and special damages. On June 30, 1931, the court sustained the motion to elect, as well as the motion to strike. On June 27, 1931, plaintiff filed an amended and substituted petition seeking a recovery for death. On October 17, 1931, the milk company filed an answer pleading the statute of limitations. On the same day plaintiff tendered a second amended and substituted petition, to the filing of which the defendants objected. On November 21, 1931, the court entered judgment sustaining the demurrer of the railway company, and also dismissing the petition on the ground that the action was barred by limitation. After the appeal was granted plaintiff moved the court to set aside the order refusing to allow the second amended and substituted petition to be filed, and the cause being submitted on an agreed stipulation of facts, the petition was dismissed. Plaintiff appeals.

It first is insisted that the court erred in sustaining the railway company's demurrer to the amended and substituted petition. In so far as material, it reads:

"Plaintiff states that on or about the 24th day of January, 1930, his decedent, Annabelle Lutes, was a passenger for hire in a taxicab operated and controlled by the defendant, Louisville Taxicab and Transfer Company, its agents and servants, acting on the business of said defendant and within the scope of their authority. Plaintiff states that while said taxicab was proceeding in a northwardly direction on Fourth Street, in Louisville, Jefferson County, Kentucky, and at a point under the viaduct of the Southern and Louisville, and Nashville Railroad, at its intersection with Fourth Street, it was proceeding directly behind a street car operated by the agents and servants of the defendant, Louisville Railway Company, and that a truck belonging to the defendant, Gray Von-Allmen Sanitary Milk Company, operated by its agents and servants, acting on the business of said defendant, and within the scope of their authority, was following the said taxicab a short distance behind it.

"Plaintiff states that at said time and place, 。

the agents of the defendant, Louisville Railway Company, negligently and carelessly caused the street car which they were operating to come to an unnecessary, sudden, violent and abrupt stop; that thereupon the agent and servant of the defendant, Louisville Taxicab and Transfer Company, also negligently and carelessly caused his taxicab to come to an unnecessary, violent and abrupt stop; and that thereupon the agents and servants of the defendant, Gray Von-Allmen Sanitary Milk Company, as aforesaid, so negligently and carelessly operated the truck of said defendant that it was caused to and did run into and collide with the said taxicab, striking the same with great force and violence, and throwing the plaintiff's decedent backward, thereby causing her head to strike the back of the rear seat, and causing the plaintiff's decedent to suffer such injuries that her death resulted directly and proximately therefrom on or about the 26th day of March, 1930.

"Plaintiff states that the said accident and resulting death of his decedent was caused and brought about by the joint negligence and carelessness of the defendants, Gray Von-Allmen Sanitary Milk Company, Louisville Railway Company and Louisville Taxicab and Transfer Company, their agents, servants and employees and each of them, as aforesaid."

Doubtless a different question would be presented if the pleading had merely alleged negligence in general terms. That, however, is not the case. The negligence is specified, and is that "the agents of the defendant Railway Company negligently and carelessly caused the street car which they were operating to come to an unnecessary, sudden, violent and abrupt stop." In short, all that we have is that Mrs. Lutes was a passenger in the taxicab that was proceeding directly behind the street car, and that the street car made an unnecessary and sudden stop. It is not alleged that the conductor of the street car knew that the taxicab was following at a rapid speed immediately behind the street car, and that it was dangerous to stop the street car without warning, nor are other facts alleged showing that at the time of the accident those in charge of the street car owed any duty to those in the taxicab.

Ordinarily, the employees on a street car have about all they can do in looking after the safety of passengers and persons on the street in front of them, and we are not prepared to hold that they should keep a lookout for vehicles in their rear, and regulate the movement of the street car accordingly. We therefore hold that, in the absence of special circumstances, the mere sudden and unnecessary stopping of a street car is not negligence as to those in its rear, and that the amended and substituted petition did not state a cause of action against the railway company.

The only other question for decision is whether the court erred in refusing to permit the second amended and substituted petition to be filed.

Though it has been often argued that there is but one act of negligence, and therefore but one cause of action, we have uniformly ruled that, where one injured by the negligence of another lives for a while and then dies, two causes of action arise; one for pain and suffering prior to death, and the other for death, and that the administrator will be required to elect which cause of action he will prosecute. Conner's Adm'x v. Paul, 12 Bush, 144; Hackett v. Louisville, St. L. & T. P. R. Co., 95 Ky. 236, 24 S. W. 871, 15 Ky. Law Rep. 612; Owensboro & N. R. Co. v. Barclay's Adm'r, 102 Ky. 16, 43 S. W. 177, 19 Ky. Law Rep. 997. It is very doubtful whether the original petition, which alleged that the injury caused deceased terrible pain and suffering, but did not ask damages except for her death, may be regarded as asking a recovery for pain and suffering; but, however that may be, it is clear under the above authorities that the court properly required the administrator to elect. Conforming to this order the administrator elected to proceed for death. An action for death is barred in one year from the death, Faulkner's Adm'r v. L. & N. R. Co., 184 Ky. 533, 212 S. W. 130, while an action for pain and suffering prior to death is not barred until one year after the qualification of the personal representative, provided he qualifies within one year from the time of the injury. Section 2526, Kentucky Statutes. Louisville & N. R. Co. v. Brantley's Adm'r, 106 Ky. 849, 51 S. W. 585, 21 Ky. Law Rep. 473; Halcomb v. Cornett, 146 Ky. 339, 142 S. W. 686. Thus it will be seen that the original action, in so far as it

sought a recovery for death, was barred at the time it was brought, while the action for pain and suffering was not barred. It follows that the plea of limitation to the action for death, which the administrator elected to prosecute in the first amended and substituted petition, was properly sustained. The result is the following situation: Conceding that the petition sought a recovery both for pain and suffering and for death, the court properly required the administrator to elect. Pursuant to this order the administrator elected to proceed for death. When it became apparent that the action was barred, and that the plea of limitation would be sustained, the administrator tendered the second amended and substituted petition withdrawing his election, and seeking a recovery for pain and suffering prior to death. It is argued that, inasmuch as the administrator elected a remedy no longer available, and the defendants will not be prejudiced by a change of election, the court should have permitted the second amended and substituted petition to be filed. The argument is ably pressed, but it seems to us that when a party has been properly required to elect between two causes of action, and elects to prosecute a cause that is barred, it is too late when judgment is about to be rendered dismissing the elected cause to permit the filing of an amendment withdrawing the election, and giving life to another cause which he solemnly abandoned.

Judgment affirmed.