## COTTENGIM'S ADM'R v. ADAMS' ADM'X.

Court of Appeals of Kentucky.

Feb. 27, 1953.

Stoll, Keenon & Park, Lexington, John E. Campbell, Hazard, for appellant.

Boehl, Stopher, Kilgarriff, Graves, & Deindoerfer, Louisville, Payne & Kessinger, Winchester, for appellee.

SIMS, Chief Justice.

The sole question for determination on this appeal is whether an action for wrongful death is transitory or local, and whether § 78 or § 74 of the Civil Code of Practice governs the venue thereof. The Fayette Circuit Court held the action was transitory, sustained appellee's motion to quash the service, as well as her special demurrer, and dismissed the petition for lack of jurisdiction over the person of defendant and over the subject matter of the action.

There is no contrariety in the facts. On January 1, 1951, Jackie Ray Cottengim, appellant's decedent, and Ernest B. Adams, appellee's decedent, were both killed in Fayette County in a crash of an airplane owned and operated by Adams in which Cottengim was riding as a guest. Both men were residents of Clark County, and as each died intestate, the Clark County Court appointed appellant administrator of the estate of Cottengim, and appellee administratrix of the estate of Adams. Cottingim's administrator sued Adams' administratrix in the Fayette Circuit Court for $51,000 damages, the petition averring the crash was caused by the negligence of Adams.

Service of the summons was had in Clark County on Adams' administratrix. She filed motion to quash, also a special demurrer challenging the jurisdiction of the court, both of which were sustained on the ground that the action was transitory and under § 78 of the Civil Code of Practice must be brought in the county in which the defendant resides or is summoned. Appellant insists that the action is local and under § 74 of the Civil Code of Practice may be brought either in the county where the decedent was killed or where the defendant resides; and as the crash occurred in Fayette County, he properly brought his action in the Fayette Circuit Court.

Counsel for both appellant and appellee say this question has never been directly be-

fore this court, and we do not find in our limited research where it has. It is argued by appellant that there is no difference between a negligent act which causes death and one which results only in injury to the person, except in degree.

Where a person is killed by the wrongful act of another, the personal representative of the deceased may elect whether to sue to recover damages for the wrongful death of his decedent or to sue to recover damages for the pain and suffering of his decedent, but he cannot sue to recover damages for both wrongful death and for pain and suffering. Square Deal Cartage Co. v. Smith's Adm'r, 307 Ky. 135, 210 S.W.2d 340. There could be no possible reason for the Legislature to make a distinction in the venue of the two actions both of which grow out of the same state of facts which affect directly the same victim. We think the Legislature in § 74 in making the venue local in a personal injury action and limiting it to "the county in which the defendant resides, or in which the injury is done" certainly intended to include death as well as personal injury in the phrase "in which the injury is done."

We are fortified in this line of reasoning by both the constitution and the statutes of this State. Section 54 of our Constitution reads: "The General Assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property." Albeit K.S. § 2516 (now KRS 413.140) makes no reference to an action for wrongful death and provides "An action for an injury to the person of the plaintiff" must be commenced within one year after the cause of action accrued, this court has for years construed this section applicable to actions for wrongful death. Louisville & N. R. Co. v. Simrall's Adm'r, 127 Ky. 55, 104 S.W. 1011, 31 Ky.Law Rep. 1269; Irwin v. Smith, 150 Ky. 147, 150 S.W. 22; Faulkner's Adm'r v. Louisville & N. R. Co., 184 Ky. 533, 212 S.W. 130; Vassill's Adm'r v. Scarsella, 292 Ky. 153, 166 S.W.2d 64. In the Simrall opinion will be found a discussion of the origin of the statute allowing recovery for wrongful death (which the common law did not permit) and how the limitation of the time within which to institute the action was brought into § 2516 in the 1903 Edition of our statutes. See also Carden's Adm'r v. Louisville & N. R. Co., 101 Ky. 113, 39 S.W. 1027, 19 Ky.Law Rep. 132. We further call attention to the fact that in construing K.S. § 4891 (now KRS 342.060) we held it was applicable where death resulted from injuries, although the statute limited liability for compensation "to any employe injured". Jennings v. Vincent's Adm'x, 284 Ky. 614, 145 S.W.2d 537, 541, and the authorities there cited.

In Louisville & N. R. Co. v. Moore's Adm'r, 292 Ky. 223, 166 S.W.2d 68, 70, we construed § 73 of the Civil Code of Practice, which localizes jurisdiction of actions against common carriers "for injury to a person" to apply in instances where the injury results in death. That opinion quotes from Melton's Adm'r v. Southern Ry. Co. 236 Ky. 629, 33 S.W.2d 690, at page 693: "The provision of section 73 of the Code that venue lies in the county where the plaintiff or his property is injured means that county where the facts occur out of which plaintiff's cause of action arises."

Appellee puts much reliance in Stewart's Adm'x v. Bacon, 253 Ky. 748, 70 S.W.2d 522, 523, which was an action instituted in the circuit court of Knox County to recover for an alleged wrongful death occurring in Canada. There was neither allegation nor proof of what the law of Canada was relative to the tort, and a verdict was directed for the defendant. True, it was written in the opinion, "This is a transitory action (see section 78, Ky.Civil Code of Practice), and the law of the place where the injury occurred (Ontario) governs in respect to the right of action." But it will be noted the jurisdiction of the Knox Circuit Court was not raised therefore the sentence just quoted did not mean that under § 74 the Knox Circuit Court did not have jurisdiction. It is patent the author of the Stewart opinion meant to and did say that the law of Canada controlled as to whether the defendant in the action was liable. In Harrison v. Steffen, D.C., 51 F.Supp. 225, the trial judge picked up the bare statement from the Stewart opinion that the action was transitory and without considering the use

made of the term in the Stewart case, incorporated it in his opinion.

Any other construction than the one here given § 74 would bring about an anomalous situation and fix the venue of an action where only personal injury resulted from another's negligence different from the venue of one where death resulted therefrom, although both arose from the same facts.

The judgment is reversed.