**C. W. TOTTEN, Administrator of the Estate of Etta Mae Totten, Deceased, Appellant,**

**v.**

**H. B. LOVENTHAL, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1963.

J. B. Gathright, Louisville, for appellant.

R. I. McIntosh, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellee.

E. J. STAHR, Special Commissioner.

This appeal is from an order of the trial court which refused to permit the filing of an amended complaint and dismissed the complaint upon a plea of limitations entered by the appellee.

The primary question to be determined is whether the original complaint stated a claim which survives under KRS 413.180(1) or one that is barred under KRS 413.140 (1) (a).

Etta Mae Totten, the appellant's decedent, died December 10, 1958, after an alleged injury on December 1, 1958; the appellant was appointed administrator of her estate on September 25, 1959, and filed his original complaint on September 23, 1960; appellee answered on October 6, 1960, and amended his answer on February 23, 1961,

and on March 1, 1961, appellant offered an amended complaint.

In his original complaint appellant alleged jurisdictional facts and then alleged that appellee was the owner of the property involved and that he negligently permitted water to flow onto and freeze and remain on the sidewalk in the front of said property and then alleged:

"Plaintiff states that the deceased, Etta Mae Totten, was walking on said sidewalk and when in front of the property of the defendant she slipped on the ice coating on the sidewalk and fell breaking her hip, and that she was taken to the hospital where as a result of this injury, which occurred on December 1, 1957, (obviously intended to be 1958 (*she died* on December 10, 1958, *to the damage of her estate.* * * *" (Emphasis added)

The amended complaint after adopting each and every allegation of the original complaint said that the deceased:

"* * * as a result of her fall on the ice, in front of the property of the defendant, suffered great mental and physical pain from the time of her injury until *the time of her death.*"

In Cottengim's Adm'r v. Adams' Adm'x, Ky., 255 S.W.2d 637, 638, 36 A.L.R.2d 1142, we said:

"Where a person is killed by the wrongful act of another, the personal representative of the deceased may elect whether to sue to recover damages for the wrongful death of his decedent or to sue to recover damages for the pain and suffering of his decedent, but he cannot sue to recover damages for both wrongful death and for pain and suffering. * * *"

To the same effect are Louisville & N. R. Co. v. Simrall's Adm'r, 127 Ky. 55, 104 S.W. 1011; Chesapeake & Ohio R. Co. v. Banks' Adm'r, 142 Ky. 746, 135 S.W. 285; and Lutes' Adm'r v. Gray-Von Allmen Sanitary Milk Co., 254 Ky. 750, 72 S.W.2d 720.

Appellant's complaint said "as a result of this injury * * * *she died* * * * *to the damage of her estate.* * * *" (Emphasis added)

■ These words leave no doubt but that the plaintiff elected which cause of action to prosecute, viz.: "for her death". And nowhere in the complaint can we see any other intent or election even couched in equivocal language—that he even purports to be suing for "pain and suffering prior to death," for his words are *for her death,* and therefore under the provisions of KRS 411.-130 state an action for "wrongful death". This action under KRS 413.140(1) (a) is barred after one year from the date of the injury, and it does not come under the provisions of KRS 413.180(1) which bar an action after one year from the appointment of a representative (if the appointment is made within one year following death).

■ The amended complaint was 26 months after the death of appellant's decedent and 17 months after appellant's appointment as administrator. This amended complaint obviously alleges a new and different cause of action than that stated in the original complaint, in that it seeks to recover for "pain and suffering," while the original complaint seeks recovery for "the death". Therefore the amended complaint does not relate back to the original complaint, and, being for an entirely different cause of action, and the provisions of KRS 413.180(1) being applicable thereto and it being barred thereunder, the trial court correctly refused to permit the amended complaint to be filed and dismissed appellant's complaint.

For the above reasons it is recommended that the judgment of the lower court be affirmed.

The opinion is approved and the judgment is affirmed.