892 F.2d 80
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry PUCKETT and Rachel Puckett, Plaintiffs,
Joyce Cole, Administratrix of the Estate of James Clevenger,
Plaintiff-Appellant,
v.
COMET MANUFACTURING CORP., Consolidated Labs, Inc., Holloway
House, Inc., a Division of Chemical Corporation of
America, Defendants-Appellees.
 No. 89-5389.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1989.
 
 Before KEITH and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Terry and Rachel Puckett sued Comet Manufacturing Corporation and Consolidated Labs, Inc. in the Magoffin County, Kentucky, Circuit Court. They alleged negligence in the manufacture and labelling of drain cleaners, resulting in personal injury on October 18, 1984 to Terry Puckett and the loss of consortium to Rachel Puckett. Comet removed the case to federal district court.
 
 
 2
 On June 29, 1988, Joyce Cole, as administratrix of the estate of James Clevenger, moved to intervene in the Pucketts' lawsuit. Clevenger died on October 18, 1984, in the same accident that injured Terry Puckett. Cole is the only appellant in this case. Because the statute of limitations bars Cole's action, we affirm the dismissal of her case.
 
 
 3
 * Clevenger was killed in an accident in a sewer lift station in Magoffin County, Kentucky. He worked as a maintenance foreman for Mineral Labs, Inc. and was killed trying to rescue fellow employees from a sewer. The sewer line was located beneath a Pic-Pac Supermarket in a shopping plaza owned by Wal-Lyn, Inc., a sister company of Mineral Labs. The Mineral Labs building stood next to the supermarket, and its sewage drained into the supermarket's lift station.
 
 
 4
 On October 18, 1984, the sewer line became clogged, and the supermarket manager, Farmer Howard, and a Mineral Labs plumber, James Salyer, poured drain cleaners manufactured by defendants Comet Manufacturing Corp., Consolidated Labs, Inc., and Holloway House, Inc., a division of the Chemical Corporation of America, into the drain. When the cleaners, containing sulfuric acid, combined with rotting organic matter, they produced hydrogen sulfide gas. When Howard and Salyer bored through the sewage, the gas escaped. Terry Puckett, a bag boy at the supermarket who was summoned to help, was overcome by the gas. Clevenger then tried to help by crawling into the lift station to rescue Howard and Salyer; he too succumbed to the gas, but he, unlike Puckett, died.
 
 II
 
 5
 * Cole was appointed administratrix of Clevenger's estate on February 10, 1988, three years and three months after his death. On June 29, 1988, Cole filed her motion to intervene. She filed her intervening complaint on August 3, 1988. Cole is a resident of Kentucky, and several of the defendants named in the intervening complaint, including all the individual defendants, are also Kentucky residents. The district court granted the motion to intervene under Fed.R.Civ.P. 24(b) (permissive intervention), but after the defendants filed motions to dismiss, the court reconsidered the motion to intervene. The district court decided that the only basis for jurisdiction was diversity, and diversity between Clevenger's estate and all the defendants was not complete. The court then dismissed the case against all defendants on March 1, 1989, and a notice of appeal was filed on March 30, 1989.
 
 
 6
 On July 3, 1989, Cole filed with this court a motion to dismiss all non-diverse defendants from this appeal, claiming they were proper but not indispensable parties. On July 13, we granted the motion. We therefore have jurisdiction to hear Cole's appeal under 28 U.S.C. § 1332.
 
 B
 
 7
 Cole argues that the four-year statute of limitations for breach of warranty governs her action. The defendants argue that the one-year statute of limitations for wrongful death actions governs.
 
 
 8
 Cole moved to intervene in the Pucketts' lawsuit on June 29, 1988. Clevenger lost his life on October 18, 1984. Counts one and two of Cole's complaint allege breach of warranty claims.[1] Kentucky has adopted a version of the Uniform Commercial Code that allows a plaintiff to pursue a breach of warranty action for four years after the cause of action accrued. Kentucky Revised Statutes § 355.2-725. The reach of warranties is governed by K.R.S. § 355.2-318:
 
 
 9
 A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect such person may use, consume or be affected by the goods and who is injured by the breach of warranty.
 
 The commentary to § 2-318 explains that:
 
 10
 This section expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain.
 
 
 11
 The Kentucky legislature chose to adopt the least protective of the three alternatives for § 2-318 proposed by the Code's drafters. The other two versions extend the seller's warranty to anyone who may reasonably be expected to use, consume or be affected by the goods. The courts in Kentucky have chosen not to extend the seller's warranty to all reasonably foreseeable users, despite the invitation in the commentary to § 2-318. In Williams v. Fulmer, 695 S.W.2d 411, 414 (Ky.1985), the Kentucky Supreme Court held that "beneficiaries of implied warranties are limited to the purchaser and to 'any natural person who is in the family or household of [the] buyer or who is a guest in his home.' " The Williams court recognized that personal injury and wrongful death actions can sound in contract, but only to the extent allowed by § 2-318:
 
 
 12
 If liability is based on sale of the product, it can be extended beyond those persons in privity of contract only by some provision of the U.C.C. as adopted in Kentucky. The only provision of the U.C.C. extending breach of warranty in injury cases is KRS 355.2-318.
 
 
 13
 Id. at 413. The Williams court reasoned that, unlike in tort, where the common law has established the rule that a manufacturer may be held liable in negligence without privity of contract to those persons who foreseeably use the product, "there has been no similar common law evolution of sales contract theory." Id. at 414. The only duties under sales contracts are the reciprocal duties assumed by the parties to the contract, except to the extent that the U.C.C. has expanded the scope of a party's duties. Since K.R.S. § 355.2-318 does not expand the defendants' duties far enough to protect Clevenger, Cole cannot successfully press her breach of warranty claim.
 
 
 14
 Clevenger did not purchase the allegedly defective products. The sellers were in privity of contract only with the buyer of the drain cleaners (the Pic-Pac Supermarket) and its agents. Clevenger was neither a purchaser nor a user of the products; he was a rescuer who came to the scene. Clevenger was not in privity with the sellers, and the four-year statute of limitations does not apply.
 
 C
 
 15
 Counts three and four of the intervening complaint allege negligent conduct.[2] K.R.S. § 413.140(1)(a) applies a one-year statute of limitations to personal injury actions. Totten v. Lowenthal, 373 S.W.2d 421 (Ky.1963), applied this same limitations period to wrongful death actions. K.R.S. § 413.180(1) allows, however, for an extension of time while a personal representative for the decendent is appointed. The statute of limitations is tolled for up to one year from the date of death while a personal representative becomes qualified. If the personal representative qualifies more than one year after the date of death, then the representative shall be deemed to have qualified on the last day of the one-year period after the decedent's death. K.R.S. § 413.180(2).
 
 
 16
 Cole qualified as Clevenger's personal representative on February 10, 1988; under the statute, therefore, she qualified on October 18, 1985, one year after Clevenger's death. Since Cole filed her action on June 29, 1988, the district court held that her negligent tort claims are barred. We agree.
 
 
 17
 Cole's only proper claim was a tort action for wrongful death.[3] Because Cole did not bring her claim within the time period allowed by statute, the dismissal of the case is affirmed.
 
 
 
 [1]
 Count one specifically alleges that defendants Consolidated Labs, Comet, and Holloway House expressly warranted their drain cleaners to be suitable for dissolving organic matter. Count two alleges that the defendants breached their implied warranties of merchantability
 
 
 [2]
 Cole specifically alleges negligent operation of the sewer line, a design defect in the sewer line, improper labelling of the products, and failure to warn of the risk
 
 
 [3]
 In support of her argument under a breach of warranty theory, Cole claims that rescuers or bystanders are in privity with the seller of a defective product and deserve even more protection than consumers and users who, at least, have the opportunity to inspect for defects. Kentucky courts, however, have opted not to extend this more liberal rule in their state, and federal courts sitting in diversity are required to apply the law of the state in which the tort occurred. See, e.g., Losey v. North American Philips Consumer Electronics Corp., 792 F.2d 58, 62 (6th Cir.1986)