HENRY DHOOGHE, APPELLANT, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, APPELLEE.

FILED JUNE 12, 1912.  No. 16,729.

1. **Venue**: ACTION FOR INJURY TO LAND. An action for damages caused by flooding a tract of land upon which a brick-kiln is maintained, together with bricks in the process of being manufactured thereon, by the improper and negligent construction of a railroad track, is an action for an injury to real estate, which must have been brought in the county where the land was situated, if commenced before the 1911 amendment to section 51 of the code took effect.

2. ————: OBJECTION TO JURISDICTION: DISMISSAL. Where such action is brought in the wrong county, objection to the jurisdiction of the court over the subject matter may be interposed at any time before trial; and, where such objection is seasonably inter-

posed, it is proper for the court to dismiss the action without
prejudice.

3. **Dismissal: Review.** In order to predicate error for such dismissal
on the ground that some of the property destroyed was personal
property, it was incumbent upon the plaintiff to request the court
to docket a separate cause of action for the recovery of such
damages.

APPEAL from the district court for Saline county:
LESLIE G. HURD, JUDGE. *Affirmed.*

*Bartos & Bartos* and *Hall, Woods & Bishop,* for appel-
lant.

*M. A. Low, Grimm & Grimm* and *Hazlett & Jack, contra.*

BARNES, J.

Action in the district court for Saline county for dam-
ages to plaintiff's brick-yard situated in Gage county. On
defendant's objection to the jurisdiction of the court over
the subject matter of the suit, the action was dismissed
without prejudice, and the plaintiff has appealed.

At the time when this action was commenced section
51 of the code contained a provision as follows: "All ac-
tions to recover damages for any trespass upon or any
injury to real estate, shall be brought only in the county
where such real estate is situated." The main question
presented for our consideration is: Was this an action
for injury or damage to real estate, and local in kind; or
was it one for damages to personal property, and there-
fore of a transitory nature.

The petition contained but one count, in which it was
alleged, in substance, that plaintiff was the owner of $4\frac{3}{4}$
acres of land situated in Gage county, Nebraska, which
was used by him as a brick-yard, upon which there was
situated sheds, machinery, a brick-kiln, brick in process
of being manufactured, lumber and wood of great value,
of which he is now and has been the owner and possessor
ever since the 2d day of December, 1895; that the defend-

ant owns and operates a line of railroad running from the northeast to the southwest across the section in which the plaintiff's land is situated, and other lands lying near thereto; that defendant constructed its roadbed and graded its track in a manner wholly inadequate to pass the volume of water which accumulated and flowed in Turkey creek and the old channel of the Blue river near plaintiff's land; that on and prior to July 9, 1902, plaintiff was engaged in the manufacture of brick on his said tract of land in Gage county, as above stated; and by reason of the careless, negligent and insufficient manner in which the defendant had dug its ditches, made its embankments, built its roadbed, culvert and bridge as aforesaid, a large body of water accumulated in said ditches and in said creek, and the old channel on the west side of said railroad track, and set back and overflowed the banks of said streams and flooded and submerged plaintiff's brick-yard with large quantities of water, and deposited thereon mud, sand, silt and debris, and thereby damaged and destroyed 60,000 brick in the kiln, of the value of $390; 7,000 brick in sheds, of the value of $35; 2,000 brick in the wall of the kiln, of the value of $220; lumber, of the value of $20; and wood, of the value of $30, and damaged the said brick-yard and sheds in the sum of $160; that, in order to resume work and carry on his business, plaintiff was compelled to remove from and clean the said premises of sand, mud and debris, and, in so doing, expended the sum of $58; that he was deprived of the use of his premises, buildings, sheds, machinery and brick-kiln, and prevented from carrying on his business for several weeks, whereby he was damaged in the sum of $200; that on or about the 28th day of May, 1903, plaintiff's premises were again flooded with water in like manner and from the same cause, as above stated, whereby his buildings, sheds, brick-yard, machinery and brick-kiln were damaged in the sum of $50. Plaintiff prayed judgment for the aggregate sum of $1,163, with interest from the 1st day of November, 1903. To this petition defend-

ant filed an answer, and at the commencement of the trial objected to the jurisdiction of the court over the subject matter of the action. The court found that the action was real and local in its nature, and therefore dismissed the plaintiff's action without prejudice.

From the foregoing it seems clear that most of the injuries for which the plaintiff sought to recover were to his land, and his brick-kiln and other permanent improvements situated thereon, and, with the exception of the destruction of wood valued at $30, and lumber of the value of $20, could not have occurred to the plaintiff at any other place than upon his land situated in Gage county. The distinction between transitory and local actions is that the former may have occurred anywhere, and those only are considered local where the cause of action or the injury could not have occurred elsewhere. This rule is well stated in *Livingston v. Jefferson*, 15 Fed. Cas. No. 8,411, 4 Am. Law J. 78; *Hill v. Nelson*, 70 N. J. Law, 376; *Doherty v. Catskill Cement Co.*, 72 N. J. Law, 315; *Thayer v. Brooks*, 17 Ohio, 489, 49 Am. Dec. 474. In *Howard v. Ingersoll*, 17 Ala. 780, it was held that an action for flooding lands with water is local, and cannot be maintained out of the jurisdiction in which the land is situated, if the act causing the damage was done in that jurisdiction.

From the foregoing authorities it seems clear that the main items for which the plaintiff sought to recover were for injuries to his real estate, and therefore the action should have been brought in Gage county, instead of Saline county, as provided by section 51 of the code. The fact that the legislature of 1911 amended that section to the extent of permitting an action of this nature to be brought in any county where service can be made upon the corporation is immaterial here, as this action was commenced prior to such amendment.

It is contended, however, that some of the property injured was personal property, and therefore the court erred in dismissing the plaintiff's action. In disposing

of this contention, it is sufficient to say that the petition stated but one cause of action, and the plaintiff made no request to be allowed to docket a separate cause of action for damages to the two items of personal property mentioned therein. Therefore, he is in no position to complain of the judgment dismissing his action without prejudice.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.