RUDOLPH KROLL, APPELLANT, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLEE.

FILED MAY 1, 1915.   No. 18099.

Courts: JURISDICTION: INJURIES TO REAL PROPERTY. As a general rule, an action for injuries to real property situated in another state cannot be maintained in this state.

APPEAL from the district court for Holt county: R. R. DICKSON, JUDGE. *Affirmed.*

*M. F. Harrington,* for appellant.

*Byron Clark, Jesse L. Root, L. C. Chapman* and *J. W. Weingarten, contra.*

ROSE, J.

Plaintiff brought this action in the district court for Holt county to recover $8,520 for injuries to real estate and personal property situated in Lawrence county, South Dakota. Defendant demurred to the petition on the ground that the court had no jurisdiction of the subject matter of the suit. The demurrer was sustained. Plaintiff refused to plead further and elected to stand upon his petition. A dismissal of the action followed, and plaintiff has appealed.

The determining question is conceded to be: May an action for injury to real property situated in another state be maintained in this state? The courts of both England and America have generally answered this question in the negative. Practically the entire field of inquiry and discussion is covered by the opinions in the following cases:

*British South Africa Co. v. Companhia De Mocambique,*
(1893) L. R. App. (Eng.) 602; *Ellenwood v. Marietta
Chair Co.,* 158 U. S. 105; *Livingston v. Jefferson,* 1 Brock.
(U. S. C. C.) 203; *Kentucky Coal Lands Co. v. Mineral
Development Co.,* 191 Fed. 899. Many other cases are
collected in 26 L. R. A. n. s. 933 *et seq.,* in a note to *Smith
v. Southern R. Co.,* 136 Ky. 162. The reasons which have
directed the course of adjudication generally on this sub-
ject are stated in the opinions in the cases cited. The ques-
tion is not one of venue, but of jurisdiction. The action
is local and is maintainable only in the state or country
wherein the land is situated. In a few cases a contrary
view has been expressed, the most noteworthy being *Little
v. Chicago, St. P., M. & O. R. Co.,* 65 Minn. 48, 33 L. R. A.
423. According to the great weight of authority, however,
the correct rule is, generally, that an action for injuries
to real property situated in another state cannot be main-
tained in this state.

To overturn the ruling on the demurrer, plaintiff cites
*Omaha & R. V. R. Co. v. Brown,* 29 Neb. 492. That was an
action to recover damages for the flooding of lands situated
in Nebraska. It was held, under the statute, that the ac-
tion was maintainable in any county where service upon
the defendant could be obtained. The decision follows
*Genin v. Grier,* 10 Ohio, 209, a parallel case under the
same statutory provisions. In both cases the cause of ac-
tion accrued in the state in which the suit was brought.
The ruling is not in conflict with the holding of the trial
court in sustaining the demurrer in the present case. Not-
withstanding the early Ohio case, the supreme court of
that state in the later case of *Pittsburgh, C., C. & St. L. R.
Co. v. Jackson,* 83 Ohio St. 13, held: "An action for tres-
pass on lands situated in another state, or injury thereto,
cannot be maintained in this state." *Genin v. Grier,* 10
Ohio, 209, and *City of Fostoria v. Fox,* 60 Ohio St. 340,
were distinguished as follows: "The cases cited, like all
others, should be interpreted with reference to the facts of
each case and the questions presented to and considered by
the court. In those cases the question now before this

court did not arise. In both cases the cause of action asserted accrued within this state, and the question of conflict of jurisdiction between the courts of this state and the courts of another state did not arise upon the record and was not considered by the court. In each case the question was: Which county in this state was the proper forum for the action." *Pittsburgh, C., C. & St. L. R. Co. v. Jackson,* 83 Ohio St. 13.

For the same reasons, *Omaha & R. V. R. Co. v. Brown,* 29 Neb. 492, on the subject of venue and jurisdiction, is distinguishable from the present case. The statute construed in the earlier case was amended in 1889 by inserting the following: "All actions to recover damages for any trespass upon, or any injury to, real estate shall be brought only in the county where such real estate is situated." Laws 1889, ch. 29. Under the statute as thus amended, it was held in *Dhooghe v. Chicago, R. I. & P. R. Co.,* 91 Neb. 613, that an action to recover damages caused by the flooding of real estate must be brought in the county in which the land is situated. While the legislature in 1911 provided that, if the defendant in such an action is a railroad corporation, the suit may be brought where summons can be served, the change relates to the venue, and not to the jurisdiction of the action. Laws 1911, ch. 167.

It follows that the judgment of the trial court is right and is

AFFIRMED.

FAWCETT and HAMER, JJ., not sitting.